| 97 | 375 |
| 111 | 6 |

# Wolfe et al. *v.* Underwood et al.

### *Proceedings in Equity to Dissolve a Private Corporation.*

1. *Executor the only necessary party where personalty of estate is involved.*—In a proceeding to dissolve a private corporation in which an estate of a decedent owns part of the stock, the executor alone is the proper party to represent the estate.

2. *Proof of authority of executor.*—The appointment of an executor and his authority over the personal assets of the testator's estate, are sufficiently shown by the certified copy of the will and proceedings admitting the same to probate and the grant of letters testamentary.

3. *Amendment of certificate to depositions.*—The commissioner who took the depositions of witnesses may be allowed in open court to amend his certificate so as to show that such depositions were taken in the mode required by law.

4. *Evidence of amount of capital stock of corporation.*—In a proceeding to dissolve a private corporation, an undisputed, certified copy of the original charter and organization of such corporation is sufficient evidence of the amount of its capital stock, and the issuance thereof.

5. *Stock-ownership may be shown by parol*—In such proceeding the stockholders may testify as to their ownership of the stock in the corporation without producing the stock book.

6. *Prosecution of a suit evidence of assent to a dissolution.*—The prosecution to final decree of a proceeding to dissolve a corporation, is sufficient proof of a continued desire for its dissolution by the petitioners.

7. *Redundant illegal evidence, error without injury.*—When all the essential averments of a petition to dissolve a private corporation, are proved by legal, uncontradicted testimony, the admission of other evidence, even if it be incompetent, works no injury to the stockholders opposing the dissolution.

APPEAL from City Court of Birmingham.

Heard before Hon. H. A. SHARPE.

This proceeding was begun by petition by W. T. Underwood and others for a dissolution of the Mary Pratt Furnace Company, a private corporation, and on final hearing the court decreed a dissolution and appointed a receiver of the assets of the corporation.

The former appeal in this case is reported in 91 Ala. 523. After the remandment of the cause, the petition was amended so as to conform to the opinion of the Supreme Court. The respondents demurred to the petition assigning among others the grounds that the legatees of J. H. Edwards, one of the deceased stockholders, were not made parties to the proceeding, and that the petition failed to show that a majority

[Wolfe et al. v. Underwood.]

of the stockholders owning three-fourths of the stock filed
the petition, which demurrers were overruled.   The court
allowed the commissioner, who took the depositions of the
witnesses for petitioners in open court to amend his certifi-
cate to such depositions so as to show that the testimony was
taken in the manner prescribed by law, and overruled a mo-
tion to suppress the depositions.

LANE & WHITE, for appellants, insisted that the heirs of
Edwards should be parties, citing *Hunt v. Acre*, 28 Ala. 580;
Story's Eq. Pl., §§ 137, 237; *Smith v. Rogers*, 1 Stew. & P.
317: *Lucas v. Bank*, 2 Stew. 280, and other cases.

GARRETT & UNDERWOOD, and WEBB & TILLMAN, for appellee,
insisted that the court properly allowed the amendment of
the certificate, citing *Dunlap v. Horton*, 49 Ala. 412; that the
executor of Edwards was the proper party to represent the
estate.—1 Brick. p. 598, § 167; Cook on Stock, § 612; 1 Mor.
on Corp., § 483.

HEAD, J.—This is a proceeding to dissolve the Mary
Pratt Furnace Company, a private corporation, instituted
under and in pursuance of Chap. 13, Title 1, Part 2 of the
Code of 1886.   Under this statute, the proceedings are very
simple, and the issues between the parties in this cause
are reduced to a very narrow compass.   Essential to a de-
cree of dissolution and the winding up the affairs of the cor-
poration through the medium of a receiver to be appointed
by the court, are simply the existence of the corporation and
the wish of a majority of its stockholders, owning three-
fourths of the stock, at the time of instituting the proceeding
and of the final decree, that the corporation be dissolved.
The procedure prescribed is, that such majority of stock-
holders, owning three-fourths of the stock, shall file a pe-
tition in the Chancery Court of the Division in which the
corporation is located, or has its principal place of business,
setting forth the names of all the stockholders and their
residences, the amount of stock owned by each stockholder;
as nearly as practicable all the property, real and personal,
of the corporation, and stating that it is the wish of the
petitioners to dissolve the corporation.—Code, § 1683.   The
next section provides for notice to the other stockholders,
and by the next it is provided that if at a regular term
of the court, after the cause is at issue, it be made to ap-
pear to the chancellor that a majority of the stockholders
still wish to dissolve the corporation, proof being made

[Wolfe et al. v. Underwood.]

as in chancery cases, the chancellor shall decree the corporation dissolved. The petition in this cause was filed by Wm. T. Underwood, Miranda Underwood, his wife, George L. Morris and Arthur W. Smith, as the executor of the will of J. H. Edwards, deceased, and on its face conforms strictly to the requirements of section 1683 of the Code. The demurrer to it was properly overruled. It is a mistaken conception of appellants' counsel that the heirs or legatees of J. H. Edwards should be before the court to represent their interests in the stock alleged to be owned by Arthur W. Smith, as executor of Edwards, The stock is personal assets of the estate, the title thereto devolving upon the executor, who represents fully the rights and interests of those who may be beneficially entitled upon complete administration and settlement by him of the testator's estate. The present proceeding looks simply to the realization or proper disposition of the stock, constituting personal assets of the estate, by the executor, in the course of his administration of his trust, just as any other proceeding by him would be, having for its purpose the collection, realization or reduction to possession of personal assets which devolve upon him as executor. In all such proceedings he alone is a necessary party to represent the estate. He is the legal owner of the stock in question, and is accountable to those beneficially interested therein, when he comes to settle his trust, for his demeanor in reference to it. The authorities cited by counsel for appellants do not apply. They are to the effect that when a lien or trust on or in respect of property is sought to be enforced, the beneficial, as well as legal owner, should be before the court. That principle will apply when Smith, the executor, comes to settle his executorship.

The petition shows that the capital stock authorized and issued by the corporation was three hundred thousand dollars, and that petitioners and the two appellees Joseph B. Wolfe and Jennie Wolfe, own it all; petitioners owning more than three-fourths thereof. A duly certified copy of the charter proceedings is made an exhibit to the petition and was introduced in evidence on the hearing. That proves the averment as to the amount of capital stock authorized and issued, and there is no evidence in conflict with it; hence if it be true that the court admitted other illegal and incompetent evidence to prove the same thing, it did no possible harm. The fact is established by uncontradicted legal evidence, and that is all that is necessary.

The next fact to be proven is that petitioners were, at the

time of filing the petition, a majority of the stockholders, owning three-fourths of the stock. This fact is fully and unequivocally proven by the depositions of the petitioners, each showing how many shares are held and owned by him or her, the aggregate of which is more than three-fourths of the whole authorized and issued. This testimony is assailed by the appellees, first by motion to suppress the depositions on the ground that the commissioner's certificate is insufficient. This insufficiency was cured by amendment made by the commissioner, in open court, by leave of the court, so as to make the certificate speak the truth. The amendment was allowable.—*Dunlap v. Horton*, 49 Ala. 412. Secondly, it is insisted that the ownership of the stock must be proven by the stockbooks of the corporation, and that the testimony of the petitioners, that they hold and own so many shares is secondary and inadmissible. We know of no principle or authority giving sanction to this proposition. In the first place, there is no proof in this record of the existence of a stock book, but assuming there is one, it is kept, we, would further assume, by the secretary of the company, in which keeping petitioners have no hand or part. Even if the books showed the contrary, petitioners would not be precluded from proving that they were in fact stockholders. There is nothing in this objection.

The due appointment of Smith, as executor of Edwards, and the devolution of the personal assets of the estate upon him, as such executor, are abundantly shown by the certified copy of the will and the proceedings of the Probate Court of Autauga county, admitting the same to probate and appointing Smith executor.

The petitioners manifested their continued desire for a dissolution of the corporation up to the time of the final decree, by prosecuting the petition and asking for the decree. The statute does not say in terms that such continued desire shall be proved by the depositions of witnesses; and we are unwilling to impute to the legislature, by construction, a purpose so silly as to exact from the petitioners, who are prosecuting the case to the very last, proof by deposition of their desire to do and accomplish that which they are doing and seeking to accomplish. If, however, the law makes such a requirement, it was conformed to in this case, and proof of such desire, as full and complete as it was practicable to make, was made.

Thus it appears, that all the material averments of the petition were established by uncontradicted, legal evidence. It matters not, therefore, as we have said, how much illegal,

[Page v. Francis, and Francis v. Page.]

incompetent or irrelevant evidence may have been admitted. Let all such if any be eliminated and the case stands proved.

The question of the indebtedness of the company does not arise now. Whether or not there are debts, either past due or to mature in the future, whether secured or unsecured, does not affect petitioners' right, under this statute, to a decree of dissolution. If there are creditors, their rights are to be attended to by the receiver, under the control and direction of the court.

The point raised that the City Court is without jurisdiction of the case is not insisted on in argument, for the reason, we assume, that it is plainly untenable in view of the provisions of the act creating the City Court of Birmingham, whereby that court is vested with all the powers and jurisdiction of the Chancery Court.

The decree of the City Court is affirmed.