# DeBardelaben *v.* Dickson.

*Ejectment.*

(Decided Jan. 20, 1910.   Rehearing denied Feb. 26, 1910.
51 South. 986.)

1. *Wills; Construction; Use of Technical Terms.*—Unless the contents shows the clear intent to use them otherwise than in their technical sense, technical phrases used in a will will be construed to have been used in their technical sense.

2. *Same; Persons Entitled; Heirs; Children.*—Where the will provided that the remainder of the testator's property should go to the testator's wife for life, and after her death should be equally divided between her heirs, and the will was prepared by a notary public, the word, "heirs" cannot be construed to mean children unless it clearly appears from the context that it was so intended, which does not appear in this case, there being nothing to show that it was so intended, or used in that sense, and hence, under the will, the remainder descended to the heirs of the wife, or widow living at her death.

APPEAL from Lowndes Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Ejectment by P. H. Bardelaben against J. C. Dickson and others.   Judgment for defendant and plaintiff appeals.   Reversed and remanded.

RIDDLE, ELLIS & KELLY, for appelant.   The provisions of the will in this case bring it squarely within the rule of *Shelley's Case.*—11 Am. St. Rep. 100; *Wilson v. Alston,* 122 Ala. 630.   This rule having been abolished by the statute Sophie E. DeBardelaben did not take a fee simple title to the land.—*Mason v. Pate,* 34 Ala. 379, and authorities supra.   The word, "heirs" has a technical meaning, and does not mean children unless it clearly appears from the context to have been used interchangeably or alternately with the word "children." —*Mason v. Pate, supra; Machin v. Machin,* 15 Ala. 373; *May v. Richie,* 65 Ala. 602.   The plaintiffs being the

only heirs of Sophie DeBardelaben, the life tenant un-
der the will, at the time of her death, took an estate
tail in remainder under the will.—*Wilson v. Alston,
supra.* The statute of limitations did not begin to run
until after the death of the life tenant.—3 Mayf. 400.
A life tenant in possession cannot hold adversely to the
remaindermen, and hence, section 3846, Code 1907, has
no application to the case at bar.—*Pickett v. Pope,*
74 Ala. 129. For a general discussion of the questions
here involved see *Kumpe v. Coons,* 63 Ala. 48; *Gindrat
v. Western Ry.,* 96 Ala. 162; *Smaw v. Young,* 109 Ala.
528; *Acree v. Dabney,* 133 Ala. 437.

PETTUS, JEFFRIES, PETTUS & FULLER, and D. G. EW-
ING, for appellee. The pole star in a construction of a
will is the intention of the testator.—*Ballantyne v.
Foster,* 128 Ala. 643; *Hollingsworth v. Hollingsworth,*
65 Ala. 321; *Tayloe v. Harwell,* 65 Ala. 1; *Griffin v.
Pringle,* 56 Ala. 486. Applying these familiar rules of
construction to the facts surrounding the testator the
word "heirs" must be construed to mean children.—
*Tharpe v. Yarbrough,* 12 Am. St. Rep. 440; *Finley v.
Hill,* 133 Ala. 232; *Ihrie Estate,* 29 Atl. 750; *Record v.
Fields,* 55 S. W. 1021; *Stoutenburg v. Moore,* 37 N. J.
E. 69; *Feltman v. Butts,* 71 Ky. 115; *Eldridge v.
Eldridge,* 3 Atl. 61; *Bowers v. Porter,* 4 Pick. 198. The
following cases shed light on the matter under discus-
sion and will aid this court in arriving at a correct con
clusion: *Campbell v. Noble,* 110 Ala. 382; *Sullivan v.
McLaughlin,* 99 Ala. 60; *May v. Richie,* 56 Ala. 602;
*Findley v. Hill,* 133 Ala. 229; *Dunn v. Davis,* 12 Ala.
140; *Wettock v. Horn,* 50 Ala. 1002; *Hughes v. Clark,*
26 S. W. 187; *Lockwood's Appeal,* 10 Atl. 517.

SIMPSON, J.—This is an action of ejectment by the
appellant against the appellees. The property in ques-

tion was originally owned by P. H. De Bardelaben, Sr., who left a will in which occurred these words: "All of the balance of my property, real, personal and mixed, I give and bequeath unto my beloved wife, Sophie E. De Bardelaben, during her natural life, and after her death to be divided equally between her heirs." At the time of the execution of the will, and of the death of P. H. De Bardelaben, Sr., there were living his said wife and two sons, R. W. De Bardelaben and L. H. De Dardelaben, both of whom were married, but had no children. After the death of said P. H. De Bardelaben, his said wife and his said two sons executed a deed conveying the land in question to W. H. Merritt, and by successive convenyances the same came to the defendants. Subsequently both of said sons died; said L. H. leaving no children, and said R. W. leaving two children, who are the plaintiff's in this case and the only heirs of said P. H. De Bardelaben, Sr., and of said Sophie E. De Bardelaben, who did not remarry and died November 22, 1908. It will be seen that, under the wording of the will, as provided by section 2183 of the Code of 1876 (section 3403, Code 1907), Sophie E. De Bardelaben took a life estate, and plaintiffs, who were her only heirs living at the time of her death, took the remainder as purchasers.

The contention of the appellee is that the word "heirs" should be read "children," intending to refer to her children and his then living, and thus creating in them a vested remainder, so that the conveyance by said widow and her two said children carried the entire title to the property. The general rule is that, where the testator uses technical words, he is presumed to employ them in a technical sense, unless a clear intention to use them in another is apparent from the context.—30 Am. & Eng. Encyc. of Law, p. 671. It is true

that the technical meaning of the word "heirs" must
yield to the evident intent of the maker, where it is
apparent that he intended to say children.   But "this
meaning cannot be assigned to the word, unless it clear-
ly appears that it was employed in that sense."—21
Cyc. 428.   The court cannot infer, from any impression
of its own, as to what would be natural to do; but there
must be something in the context of the will to show
that the testator did not understand the meaning of
the word, or used it in a sense different from its cor-
rect meaning.— *Shimer v. Maun,* 99 Ind. 190, 50 Am.
Rep. 82, 84, et seq.; *Machen v. Machen,* 15 Ala. 373,
375-6; *Ewing v. Standifer,* 18 Ala. 400; *Mason v. Pate,*
34 Ala. 379; *Loyd v. Rambo,* 35 Ala. 709, 712; *Parish
v. Parish,* 37 Ala. 591, 594; *Wilson v. Alston,* 122 Ala.
630, 635, 25 South. 225.   In the cases of *May v. Ritchie,*
65 Ala. 602, and *Campbell v. Noble,* 110 Ala. 382, 19
South. 28, it is said that the deed and the will showed
on the face that it was written by an ignorant person,
or one not acquainted with the use of technical words;
and the case of *Findley v. Hill,* 133 Ala. 229, 32 South.
497, is based upon the fact that the incongruous pro-
visions of the deed show "that the deed was written by
a person unskilled in the use of technical words, and
that the grantor must have used 'heir or heirs' in the
first limitation in the narrower sense of children, issue,
or descendants."

In the will now under consideration there is nothing
to indicate that the notary public who wrote the will
did not understand the meaning of the word "heirs."
There are no incongruous provisions, nor is there any-
thing which would justify the court in supposing that
the testator did not intend to devise the property as he
did.   It is just as natural to suppose that, as her heirs,
if her sons and their issue lived, would also be his

[Doe, ex dem. State Land Co. v. Factors & Traders Ins. Co.]

heirs, his wish was, on failure of their issue, that the property should go to her heirs. It would be a violent presumption to suppose that the scrivener was so ignorant as as to not know the meaning of the word "heirs," and yet was so skilled in philology as to draw the nice distinction between "between" and "among." We hold that under the will in question a life estate was conveyed to Sophie E. De Bardelaben, with remainder to her heirs living at the time of her death.

It results that the court erred in giving the general affirmative charge in favor of the defendants, and in refusing to give said charge on the written request of the plaintiff. The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and MCCLELLAN and MAYFIELD, JJ., concur.


