# Lacey *v.* Pearce, *et al.*

### Bill for an Accounting, and to Declare a Mortgage a Lien.

(Decided February 4, 1915.   68 South. 46.)

1. *Parties; Misjoinders; Parties Entitled to Object.*—In a bill to foreclose a mortgage or for any other purpose, the misjoinder of par-ties respondent is an objection available only to the respondents im-properly joined, and cannot be taken advantage of by other respond-ents.

2. *Pleading; Demurrer; Admissions.*—On demurrer the well plead-ed averments of a pleading are treated as confessed.

3. *Trusts; Assignment of Mortgage Notes; Mistake; Equitable Title.*—Where a mortgagee agreed to sell the secured notes to D for their face value, less an agreed discount, and through mistake, one of the notes was not returned by the bank with which they had been left, and the transaction was closed by the payment of the amount of the other notes, less the agreed discount, and the mortgagee acting under the mistaken belief that all of the notes had been returned, entered upon the margin of the record of the mortgage a transfer of the notes, debts and mortgage, D did not, in fact, purchase the note not returned, and although the transfer placed in him the legal title thereto, the mortgagee was still the equitable owner, and the legal title in D was impressed with a trust in his favor to secure the pay-ment of the other note.

[Lacey v. Pearce, et al.]

4. *Mortgage; Satisfaction; Effect.*—Where the assignee of a mortgage satisfied it under the mistaken belief that he was the owner of all the notes thereby secured, when, in fact, one of such notes had not been sold to him by the mortgagee, and had not been paid, such satisfaction did not affect the validity of the note or the mortgage, and the note remained secured by the mortgage; the right of no innocent parties having intervened.

5. *Equity; Jurisdiction; Remedy at Law.*—The foreclosure of a mortgage being within the jurisdiction of equity, a bill seeking a decree, holding a mortgage, satisfied by mistake, as a security for the payment of one of the secured notes, which had not been paid, and for a sale of the land, if the note had not been paid, was not demurrable because of the existence of an adequate remedy at law.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by T. A. Lacey against R. B. Pearce and another for an accounting and to hold a mortgage as security for the payment of a certain note, and for the sale of the land in payment thereof in the event the note had not been paid. From a decree sustaining demurrers to the bill, complainant appeals. Reversed, rendered, and remanded.

J. M. GILLESPIE, for appellant.

GIBSON & DAVIS, for appellee.

GARDNER, J.—Briefly stated, the bill as amended shows the execution of a certain mortgage by R. R. Pearce and wife to C. M. Lacey, securing an indebtedness of $1,500, evidenced by 16 promissory notes due at stated dates. The notes were made payable at Jefferson County Savings Bank, and were deposited there for collection, and some of said notes were there paid and taken up by said Pearce. On or about January 6, 1911, the mortgagee offered to sell to one R. W. Draper the notes at the bank remaining unpaid, the transaction to be for cash, and the consideration to be based upon the face of said notes, less an agreed discount.

It was so agreed, and these two parties called at the bank for the said notes remaining unpaid; and the bank returned to the mortgagee a number of said notes, but did not return the note the subject of this suit. The bill shows that the parties were ignorant of this mistake; that the mortgagee and Draper then closed the transaction by Draper's paying the mortgagee the amount of the face of the notes that the bank had returned, less the agreed discount, and the notes were then delivered to Draper, but Draper did not pay the face of the note which had been left in the bank; and that the mortgagee, acting under the mistaken belief that the bank had returned all the notes, entered a transfer of the notes, debt, and mortgage, on the margin of the record of the mortgage, and that this transfer was made under a mistake of the fact and in ignorance of the fact that the bank still held a note that had not been paid; that the notes procured by Draper having been paid, he, Draper, entered satisfaction of the mortgage upon the margin of the record thereof, but that this was done in ignorance of the said mistake. Upon the discovery of the unpaid note at the bank the mortgagee offered the same to Draper, after informing him of the above facts and the mistake, and said Draper declined to take the note. It is further alleged that the mortgagor acknowledged the indebtedness due on said note and promised to pay same at one time, but that he has failed to do so. The note was transferred by the mortgagee to this complainant, and this bill is filed, seeking a foreclosure of the said mortgage given as security therefor. The amended bill makes the mortgagee, C. M. Lacey, and the transferee, R. W. Draper, parties respondent. They offer no demurrer, but answer the bill, admitting the averments to be true. Respondents, R. R. Pearce and wife, the mortgagors, de-

mur, and from a decree sustaining their demurrer this appeal is prosecuted.

(1) Some of the assignments of demurrer take the point that respondents Lacey and Draper are not proper parties. They were no doubt brought in as parties by complainant so as to have the entire legal title to the note and mortgage before the court.—*Bibb v. Hawley,* 59 Ala. 403. But a misjoinder of respondents is an objection available alone to the respondent improperly joined, and cannot be taken advantage of by these defendants.—*Ware v. Curry,* 67 Ala. 274..

The bill is not one for reformation of a written instrument, and some of the authorities referred to by counsel in reference to such a case are without application.

(2) Upon submission on these demurrers the averments of the bill are of course treated as confessed.

(3) The allegations of the bill show that there was in fact no sale of this note. The transaction with Draper was on a cash consideration, and based upon the face of the notes he in fact procured, less the agreed discount.—*Harmon v. Goetter,* 87 Ala. 325, 6 South. 93; *Shines v. Steiner,* 76 Ala. 458. This note by mistake was not among them, and he did not, in truth and in fact, purchase this note. It is a familiar maxim that, "Equity looks to the intent rather than to the form." The transfer doubtless might have placed in him the legal title, but it was acquired by mistake, and in a court of equity the mortgagee, C. M. Lacey, was still the equitable owner of said note. The legal title in such event would be held impressed with a trust or use for the true beneficial owner.

"Whenever one person, through mistake or fraud, or in violation of fiduciary relations, obtained the legal title and apparent ownership of property which in

justice and good conscience belonged to another, such property was immediately impressed with a trust in favor of the latter equitable owner."—3 Pom. Eq. Jur., § 981.

(4) The satisfaction of the record by Draper was under the same mistaken belief that he was the owner of all the notes, and as in the case of *Kent & Barnett v. Marks & Gayle,* 101 Ala. 350, 14 South. 472, involved a mistake of fact which did not affect the validity of either the note or the mortgage.

It will be remember that what is here said has reference to the averments of this bill, wherein it does not appear that the right or interest of any innocent third person is involved. We make the statement merely as a matter of precaution. The complainant, by the transfer from the mortgagee, acquired his rights and stands in his shoes. As previously stated, the mortgagee was the equitable owner of said note. The note is secured by said mortgage. The rights of no innocent third party are involved.

(5) The question of an adequate remedy at law cannot be here involved, as the foreclosure of the mortgage given to secure the note comes well within equitable jurisdiction.

We are of the opinion that the demurrer of the respondents R. R. Pearce and May Pearce to the bill as amended were not well taken, and should have been overruled. The decree of the chancery court is therefore reversed, and one is here rendered overruling said demurrer, and allowing said respondents 40 days in which to file their answer. The cause is remanded to the chancery court.

Reversed, rendered, and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.