(86 South. 376)
**BIBB v. BIBB et al. (3 Div. 447.)**

(Supreme Court of Alabama. Oct. 21, 1920.)

1. Wills ⊂⇒524(8)—Devise of remainder held to class, and not limited to children living at termination of life estate.

Where a testator devised property in trust to one for life, and the remainder and reversionary interest to his son, in trust for the use of the son's heirs by a second wife, the bequest was to one of a class, which might be enlarged by the birth of other children at any time during the life of the son and his second wife, and might be restricted by death of children without heirs, and hence was not limited to those children living at the termination of the life estate.

2. Trusts ⊂⇒131 — Statute will not execute springing or shifting use.

Where testator devised land in trust to one for life, and the residuary interest in the heirs of trustee, etc., the devise being to a class not established until the death of trustee, etc., was a springing or shifting use, which the statute of uses (Code 1907, § 3408), will not execute.

3. Trusts ⊂⇒193½—Court of equity may direct sale.

In exercise of its general power, a court of equity may direct sale of trust property and reinvestment, though not otherwise authorized, if the conditions are such that it is manifestly to the interest of the trust estate.

4. Trusts ⊂⇒203—Sale under decree for reinvestment binding on later born beneficiaries of class.

Where all of the living beneficiaries who might take under a devise in trust to a class were made parties to a proceeding to sell for reinvestment, a sale made under judicial decree is binding on any beneficiary who may be added to the class by birth, etc.

5. Trusts ⊂⇒193½ — Sale of trust property for reinvestment of proceeds proper.

Where property devised in trust had depreciated in value, so that the building was condemned, and it was subject to tax liens, which the trustee could not discharge, it was proper for a court of equity to direct sale of the trust property for reinvestment.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill by B. S. Bibb, trustee under the will of W. J. Bibb, against B. S. Bibb, Jr., and others, to construe the will of W. J. Bibb, in so far as it relates to certain real property devised to complainant in trust for the use of complainant's heirs, and seeks a sale of the property for the purpose of reinvestment. From the decree rendered, complainant appeals. Reversed and remanded.

The property in question is No. 222 South McDonough street, situated on the corner of Alabama and South McDonough streets, in the city of Montgomery, Ala., which by item of the will was devised in trust to an unmarried daughter of the testator. Item 7 of the will, which is here to be construed, is as follows:

"To B. S. Bibb, Sr., I give the portraits of his grandparents, and I also in trust for the use and behoof of his heirs, by his second wife, forever give and devise to him the residuary and reversionary interest in the property bequeathed and devised in a previous paragraph of this will to McDuff Cain, Jr., in trust for the use and behoof of my daughter during her natural life."

The will was executed in 1897, and testator died the same year. At that time complainant, a nephew of the testator, was already married to his second wife, by whom he then had several young children; complainant then being 47, and his wife 31, years of age. The life tenant, Louisa Bibb, died several years ago, and the complainant and his wife and his six children by her, all of age, are still living. The house had become dilapidated and decayed during the life tenancy, and became subject to assessments for street paving. The complainant, as trustee, was and is without funds to improve the property or pay said assessments, and the property is threatened with a forced sale for their satisfaction. On account of the dangerous condition of the building, the city ordered its demolition and removal, and the property is now a vacant lot. The six children of the complainant are made parties respondent, and it is admitted by all the parties that under present conditions a sale of the property is for the best interest of all concerned. The trial court held, first, that the will vested an estate in remainder in the children's name; second, that upon the death of the life tenant the estate vested in said children in possession in fee simple; and, third, that complainant has no interest or estate in said property as trustee, and that there is no necessity for a sale by him as prayed, and the bill was dismissed.

Pitts & Leva, of Selma, for appellant.

There is nothing to show that the word "heirs" was used other than in its technical sense, and therefore cannot be construed to mean children. 166 Ala. 59, 51 South. 986; 176 Ala. 250, 57 South. 849; 178 Ala. 366, 60 South. 157. A trustee may apply to a court of equity to sell property for reinvestment. 176 Ala. 314, 58 South. 311, Ann. Cas. 1915A, 561.

Craig & Brown, of Selma, for appellee.

When the context so requires, the word "heirs" may be construed as meaning children, especially when that is necessary to carry out the intention of the testator. 21 Cyc. 418; 176 Ala. 250, 57 South. 849; 181 Ala. 144, 61 South. 100, Ann. Cas. 1915C, 1226.

SOMERVILLE, J. [1, 2] We are satisfied from a reading of the will of W. J. Bibb, in the light of the admitted facts, that the testator intended to vest his property in B. S. Bibb, Sr., as trustee, to be held during the trustee's lifetime for the use of his children as a class, whether the class should be enlarged by the birth of other children, or diminished by the death of any who were then living, and that, upon the death of the trustee, the estate should vest in fee simple in his children or grandchildren, born of his second wife, who by survival then became his legal heirs.

We discover nothing in the pertinent paragraphs of the will, or in the circumstances of the testator, or in the condition and prospects of his beneficiaries, which would rebut this natural meaning and effect of the language used. Duncan v. De Yampert, 182 Ala. 528, 62 South. 673; De Bardeleben v. Dickson, 166 Ala. 59, 51 South. 986; Castleberry v. Stringer, 176 Ala. 250, 57 South. 849. To hold that by the "heirs" of B. S. Bibb, Sr., the testator meant only those children then living, or those who might be living at the termination of the previously devised life estate, to the exclusion of any who might be born thereafter, would, we think, defeat the clear purpose of the testator as he has deliberately expressed it in the will.

The devise in question created a remainder in trust for the children living at the death of the testator, subject to qualification or divestiture by the death of any child, or the birth of another child, during the trustee's lifetime. Duncan v. De Yampert, 182 Ala. 528, 62 South. 673. The object of the trust being the preservation of the title and estate for the benefit of a class whose personnel was subject to future change, the estate was technically a springing or shifting use, and, until the members of the beneficiary class are finally determined upon the death of the trustee, the statute of uses (Code, § 3408) will not execute the trust. 26 R. C. L. 1176, § 11; Simonds v. Simonds, 199 Mass. 552, 85 N. E. 860, 19 L. R. A. (N. S.) 686; Gindrat v. W. Ry. of Ala., 96 Ala. 162, 165, 167, 11 South. 372, 19 L. R. A. 839. This trust, therefore, still endures.

[3] As to the prayer for relief by a sale of the property for reinvestment:

"A court of chancery has, to some extent, a general supervision over trust estates, and may direct such a disposition as in its discretion seems beneficial to all parties interested, even going so far as to order a sale of the trust estate and a reinvestment of the proceeds without authority being given by the trust instrument, if the conditions are such that it is manifestly in the interest of the trust estate." 26 R. C. L. 1288, § 139, citing Richards v. E. T., etc., R. Co., 106 Ga. 614, 33 S. E. 193, 45 L. R. A. 712; Denegre v. Walker, 214 Ill. 113, 73 N. E. 409, 105 Am. St. Rep. 98, 2 Ann. Cas. 787; Garesche v. Levering Inv. Co., 146 Mo. 436, 48 S. W. 653, 46 L. R. A. 232.

[4] Such a sale by judicial decree, living beneficiaries being represented and bound, is binding also upon all beneficiaries who may be added to the class by birth or per stirpes, though not now in esse. Denegre v. Walker, supra. See, also, Rutledge v. Fishburne, 66 S. C. 155, 44 S. E. 564, 97 Am. St. Rep. 757, and note, 762.

[5] We are satisfied, from the record before us, that this trust estate can be best preserved, and the interests of all the parties best protected, by a sale of the property in order that the tax liens upon it may be discharged and the remaining proceeds reinvested in some safe and profitable way under the supervision and orders of the chancery court.

The decree of the trial court will be reversed, and the cause will be remanded for further proceedings in accordance with the foregoing opinion.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 175 Ala. xxi.