(113 So. 34)

## CULLMAN REAL ESTATE CO. et al. v. BEYER et al. (6 Div. 585.)

Supreme Court of Alabama. May 19, 1927.

1. **Corporations** ⬅614(4)—**Holders of two-thirds value of corporate stock, suing for dissolution, may allege failure to obtain consent of all stockholders substantially in statutory language (Code 1923, § 7064).**

In suit by holders of two-thirds in value of corporation stock wishing dissolution, under Code 1923, § 7064, it is sufficient to allege that complainants cannot obtain consent of all stockholders substantially in language of statute.

2. **Corporations** ⬅614(3)—**Administrator of deceased stockholder is proper party complainant, in suit by holders of two-thirds value of corporate stock seeking dissolution (Code 1923, § 7064).**

Administrator of deceased stockholder is proper party entitled to join as cocomplainant, in suit by holders of two-thirds in value of corporation stock for dissolution, under Code 1923, § 7064.

3. **Corporations** ⬅614(3)—**Distributee of deceased stockholder is not necessary party to suit for dissolution, and whether he was proper party could be raised only by him (Code 1923, § 7064).**

Distributee of deceased stockholder is not necessary party to suit by holders of two-thirds in value of corporation stock seeking dissolution, under Code 1923, § 7064, and whether he is proper party respondent, or bill was subject to demurrer for misjoinder, could be raised only by him.

4. **Corporations** ⬅614(4)—**Statutory bill or petition for dissolution of corporation held not required to be verified by affidavit (Code 1923, § 7064).**

Statutory bill or petition by holders of two-thirds in value of stock of corporation seeking dissolution, under Code 1923, § 7064, is not required to be verified by affidavit.

5. **Corporations** ⬅621(6)—**In suit for dissolution of corporation, no receiver is appointed till after decree of dissolution, unless applied for on special grounds (Code 1923, § 7064).**

In suit by holders of two-thirds in value of stock of corporation for dissolution, under Code 1923, § 7064, no receiver is appointed till after decree of dissolution, unless applied for on special grounds.

6. **Equity** ⬅219—**Bill is not demurrable for praying too much.**

Bill is not demurrable because it prays too much.

7. **Corporations** ⬅614(4)—**Sworn bill or petition is not required, in suit for dissolution of corporation, till proceedings to obtain appointment of receiver are instituted (Code 1923, § 7064).**

Until active proceedings to obtain appointment of receiver are instituted, in suit by holders of two-thirds in value of stock of corpora-

tion for dissolution, under Code 1923, § 7064, there is no necessity for sworn bill or petition.

Appeal from Circuit Court, Cullman County; James E. Horton, Judge.

Bill in equity by John F. Beyer, suing as administrator of the estate of J. H. Karter, deceased, and as an individual, and another, against the Cullman Real Estate Company and others. From a decree overruling a demurrer to the bill, respondents appeal. Affirmed.

The original bill alleged, in effect, that the complainants were holders of all the stock of the corporation, the Cullman Real Estate Company; that the assets of the corporation were real estate owned by the original incorporators J. H., M. B., and Frank Karter and Adeline J. Beyer; that the incorporators, other than Frank A. Karter, are dead, the stock of some of them descending to complainants, and that J. H Karter died intestate, leaving as his only heirs Frank A. and George Karter and complainant East; that Frank A. Karter was adjudged a bankrupt, his stock passing to the trustee in bankruptcy and later becoming the property of Bland and Brown (named as parties complainant to the original bill); that Frank A. Karter, prior to adjudication as a bankrupt, became president of the corporation and continues in such capacity, having possession of all books and records, selling some of the property of the corporation and renting the remainder, and retaining the revenues for his exclusive use, in disregard and denial of complainants' rights, and is attempting to sell the remaining property. It is alleged that the corporation has been a failure as a business venture and that Frank A. Karter is insolvent. The prayer was for the appointment of a receiver to take charge of the property and hold same pending a hearing of the cause; that upon final hearing the corporation be dissolved and the property be sold and distributed to the holders of the stock in the corporation.

By amendment Bland and Brown were eliminated as parties complainant, and the bill was amended to show that the stock of Frank A. Karter was the property of J. H. Karter (one of the original incorporators) at the time of his death, and passed to his administrator, the complainant Beyer.

After decree sustaining demurrer, the bill was further amended to show that for certain considerations the trustee in bankruptcy of Frank A. Karter sold the stock of said bankrupt to J. H. Karter, and that immediately thereafter said J. H. Karter transferred said stock to Frank A. Karter, who paid nothing therefor, but became the holder of the legal title thereto. The amended bill further avers that complainants are the holders of 15 shares, constituting three-fourths,

of the capital stock of the corporation, and that Frank A. Karter is the holder of the remaining 5 shares of the total of 20 shares; and "complainants aver that they wish to dissolve the said Cullman Real Estate Company, so that they may ascertain and separate all of their holdings from the said Frank A. Karter, but they cannot obtain the consent of all the stockholders of said corporation to such dissolution."

Demurrer to the amended bill was overruled, and respondents Cullman Real Estate Company and Frank A. Karter have appealed.

Emil Ahlrichs and. F. E. St. John, both of Cullman, for appellants.

No case is made by the bill for intervention by a court of equity. It is not shown that any effort was made to obtain the consent of all the stockholders to a dissolution. Code 1923, § 7064; Phinizy v. Anniston Land Co., 195 Ala. 661, 71 So. 469. John F. Beyer as administrator of J. H. Karter's estate, is improperly joined. Hays v. Ahlrichs, 115 Ala. 239, 22 So. 465. George Karter has no legal title to any of the stock, and there is a misjoinder of respondents. Hays v. Ahlrichs, supra; Cudd.v. Reynolds, 186 Ala. 207, 65 So. 41. Allegation of matters alien to the issues involved rendered the bill demurrable. Code 1923, § 6525. A bill praying for a receiver should be sworn to. Chancery rule 15, 4 Code 1923, p. 912.

Earney Bland, of Cullman, for appellees.

The objection of misjoinder of parties defendant can only be taken by the party improperly joined. Pate v. Hinson, 104 Ala. 599, 16 So. 527; Teal v. Chancellor, 117 Ala. 612, 23 So. 651; Lacey v. Pearce, 191 Ala. 258, 68 So. 46. Owners of two-thirds of the corporate stock, who cannot obtain the consent of all the stockholders, may file petition for dissolution in the circuit court. Code 1923, §, 7064. When it clearly appears that the business of a corporation cannot be profitably continued, the corporation may be dissolved on application of a majority of the stockholders. Decatur Land Co. v. Robinson, 184 Ala. 322, 63 So. 522; Beach on Corp. § 783.

BOULDIN, J. [1] By statute the holders of all the capital stock in a corporation may dissolve it at will by agreement in writing signed, attested, certified, and recorded as therein prescribed. Code, § 7063.

The holders of two-thirds in value of such stock, wishing a dissolution, but, who cannot obtain the consent of all to a dissolution in the manner prescribed, may file a bill or petition to that end in a court of equity. Code, § 7064.

Under our system of pleading it was sufficient to allege that complainants cannot obtain the consent of all the stockholders substantially in the language of the statute.

[2, 3] The administrator of a deceased stockholder is a proper party entitled to join as cocomplainant in the suit. Wolfe v. Underwood, 97 Ala. 375, 12 So. 234. The distributee was not a necessary party to the suit. Whether he was a proper party respondent, or the bill was subject to demurrer for misjoinder, could be raised only by him. Lacey v. Pearce, 191 Ala. 258, 68 So. 46; Pate v. Hinson, 104 Ala. 599, 16 So. 527; Ware v. Curry, 67 Ala. 274.

The record discloses that the decree overruling the demurrer was based upon amendment bringing the case within Code, § 7064.

A former decree sustained demurrers to the bill based upon other equitable or statutory grounds.

Special allegations remaining in the bill, to which separate grounds of demurrer were addressed, were surplusage in the bill as last amended. Such demurrers did not go to the equity of the bill, nor to any special equity involved on this appeal. The ruling thereon was free from error.

[4, 5] The statutory bill or petition is not required to be verified by affidavit. No receiver is appointed until after decree of dissolution, unless applied for on special grounds. Florence Gas, Electric Light & Power Co. v. Hanby, 101 Ala. 15, 13 So. 343.

[6, 7] A bill is not demurrable because it prays too much. Until active proceedings to obtain the appointment of a receiver are instituted, there is no necessity for a sworn bill or petition.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.