(122 So. 625)

ABRAHAMS et al. v. ABRAHAMS et al.
(2 Div. 936.)

Supreme Court of Alabama.  May 16, 1929.

Rehearing Denied June 13, 1929.

Thos. F. Seale, of Livingston, and Henry Upson Sims, of Birmingham, for appellants.

McKinley & McDaniel, of Demopolis, for appellees.

GARDNER, J. This proceeding presents for consideration the proper construction to be accorded items 2 and 3 of the will of James A. Abrahams, deceased. These two items concern devises to his daughters, Sallie Wayne and Lilly Abrahams, and are in identical language except as to description of the property and the names of the devisees.

While the entire will appears in the report of the case, we reproduce here for convenience item 2, a consideration of which will suffice as to item 3 also (for further convenience, we substitute the word "Blackacre" for the description of the property):

"Item 2d. I will and bequeath unto my beloved daughter Sallie Wayne 'Blackacre.' I further will and desire that if my said daughter Sallie die without issue that the property herein devised to her shall revert to my heirs at law or such of them or their heirs as may be living at that time."

The will was executed on January 5, 1881, the testator being critically ill at the time, and making evident preparations for his death, which occurred the day following. He was 76 years of age, and his two daughters, Sallie Wayne and Lilly Abrahams, were in apparent good health and in the prime of life. Each of the daughters died without issue, Sallie Wayne in 1923 and Lilly Abrahams prior to March 10, 1924.

Complainants are not of blood relation to testator, but inherit their interest from his issue, and the insistence is made they are without interest in the residuary estate. It is insisted the gift over did not take effect for the reason the death of the donee did not occur before the death of the testator.

The rule is well established in this state that "words of survivorship in a will, unless there is a manifest intent to the contrary, always relate to the death of the testator." Spira v. Frenkel, 210 Ala. 27, 97 So. 104; Darrow v. Florence, 206 Ala. 675, 91 So. 606. But in the instant case there is manifest intent to the contrary.

The circumstances surrounding the execution of the will, proper here to be considered (Castleberry v. Stringer, 176 Ala. 250, 57 So. 849; Rutland v. Emanuel, 202 Ala. 269, 80 So. 107), in connection with the language used, make it too clear for discussion that the gift over was to take effect upon the death of the donee, and that the general rule as to words of survivorship relating to the death of the testator can have no application without doing violence to the testator's manifest intent to the contrary. Dickson v. Dickson, 178 Ala. 117, 59 So. 58; Smith v. Smith,

157 Ala. 79, 47 So. 220, 25 L. R. A. (N. S.) 1045; McGlathery v. Meeks, ante, p. 89, 121 So. 67.

The devise to these daughters created in them a base or determinable fee. Dickson v. Dickson, supra; Boshell v. Boshell, 218 Ala. 320, 118 So. 553; Davis v. Memphis, etc., R. Co., 87 Ala. 633, 6 So. 140.

The exact technical definition of the residuary estate, whether a contingent remainder or an executory devise, is not a matter of controlling importance here, and we need not stop to inquire or consider. That the testator had the right to so dispose of his property is very clear (Dickson v. Dickson, supra; section 2144, Code of 1876), and the only question for determination is the intention of the testator as to who should take such residuary estate. The language of the will is that it shall "revert to my heirs at law or such of them or their heirs as may be living at that time."

"The heirs at law of a deceased person are those who, in the absence of a will, are appointed by law to inherit his real estate." Hatter v. Quina, 216 Ala. 225, 113 So. 47. This is the generally accepted statement. 29 C. J. 288, 291, 302. "'Heir' is a legal term, and is used in a legal sense, with a fixed legal meaning. The word has a technical signification, and, when unexplained and uncontrolled by the context, must be interpreted according to its technical sense, or its strict legal import." Castleberry v. Stringer, 176 Ala. 250, 57 So. 849; De Bardelaben v. Dickson, 166 Ala. 59, 51 So. 986; 29 C. J. 293.

In Castleberry v. Stringer, supra, the will was drawn by one unskilled, and the court from the context concluded the word "heir" should there be properly construed as children. In contrast is the case of De Bardelaben v. Dickson, supra, where the court found nothing in the context of the will justifying a different meaning to be given the word "heir" from its technical sense, saying: "But 'this meaning [children] can not be assigned to the word, unless it clearly appears that it was employed in that sense.' * * * The court cannot infer, from any impression of its own, as to what would be natural to do; but there must be something in the context of the will to show that the testator did not understand the meaning of the word, or used it in a sense different from its correct meaning." These observations are applicable here.

The will bears evidence of having been drawn by one skilled in such work and acquainted with legal phraseology, used in the will with technical accuracy. An examination of the context of the will discloses no evidence of an intention that the words "heirs at law" and "their heirs" should be deflected from their correct meaning. We are unable to conclude, therefore, that these words should be construed to mean testator's "then

living children or their children or cousins among his issue," as insisted by appellants. Assuming an understanding by the testator of the correct meaning of the language used, it appears the testator did not intend to restrict the descent of the property to his own blood, for he not only used the words "my heirs at law" but the words "or such of them or *their heirs* [italics supplied] as may be living at that time." The law of descent in effect at that time (section 2252, Code of 1876) clearly disclosed that "heirs of his heirs" might not be his own blood.

The language of these items of the will indicates a purpose to exclude any heir of the daughters dying without issue, but a distribution of the residuary estate among his other heirs, including the two sons who were devised nothing in the will, but who in the last, but unnumbered, item, are expressly included in the "residuary estate."

Giving to the words used their correct meaning, we conclude the will is properly to be construed as disclosing the intent of the testator to put into effect the statute of descent then in force as to this residuary estate when, and if, it "reverted"; that it should vest as if he had died intestate.

Appellants argue that at the time of the execution of the will testator had children and grandchildren, who alone would inherit, and that it would be clearly contrary to his desire that one not of his own blood should share in the estate.

True a contingency in this respect has happened after the lapse of 40 years that testator may not have foreseen or anticipated; but it was a contingency that evidently did not concern him at the time, and experience teaches the difficulties in the way of guarding against any and all contingencies. But, in any event, to construe the language used differently from its correct meaning, there must be some warrant for it in the context, for the court "cannot infer, from any impression of its own, as to what would be natural to do." Construing the words used, therefore, in their correct meaning, complainants have an interest in the property, and the demurrer taking the point to the contrary was properly overruled.

There is a ground of demurrer to the effect that B. F. Steele and Kathleen Steele McMillan are improperly joined as parties plaintiff to the bill because they are also parties defendant. These individuals show an interest in the property, and are proper parties complainant. True, in the preamble of the bill, they are mentioned as defendants also, but the bill does not pray they be made parties, or that process issue to them, nor are they required to answer the bill. "The names of parties must appear in the bill; and though named in the bill, none can be regarded as parties defendant against whom process is not prayed." Martin v. Baines, 217 Ala. 326, 116 So. 341. Under this rule these individuals are not parties defendant. Moreover, the question of misjoinder of parties can be taken advantage of only by the parties misjoined, and appellants cannot complain. Lacey v. Pearce, 191 Ala. 258, 68 So. 46; Cullman Real Estate Co. v. Beyer, 216 Ala. 231, 113 So. 34.

It results as our conclusion that the chancellor properly overruled the demurrer to the bill, and the decree will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.