(135 So. 453)

## WALKER v. HERZFELD.

### 5 Div. 62.

Supreme Court of Alabama.

May 14, 1931.

Rehearing Denied June 25, 1931.

Jas. W. Strother, of Dadeville, for appellant.

Jacob A. Walker, of Opelika, and S. J. Darby, of Alexander City, for appellee.

SAYRE, J.

SW ¼ of SW ¼ of section 24, township 22, range 21 E., was, in a proceeding under the statute of eminent domain, condemned to the use of the Alabama Power Company, and the assessed value of the land was paid into court to be disposed of according to the provisions of sections 7501 and 7502 of the Code. The proceeding resolved itself into a trial of the equitable title between the parties to this appeal.

It appeared in evidence that Benjamin Walker, the common source of title, had in 1888 included the forty-acre tract here in controversy in a deed conveying a larger tract to N. S. Walker, appellant. The inclusion of these forty acres, we do not doubt, on the evidence, was by mistake. Benjamin Walker remained in possession, paying taxes and exercising acts of ownership, which, it may be conceded, hardly suffice in themselves, to prove title by adverse possession, until 1895 when he conveyed to R. Herzfeld, under whom, by devise, appellee claimed title at the time of the proceeding to condemn to the use of the power company. That appellant had not discovered the mistake prior to the condemnation proceeding is evident—this, for the reason, no doubt, that the tract in question was rough, hilly, almost inaccessible, and considered to be of little or no value until the operations of the power company in 1926 brought it into demand. At that time, 1926, appellant made an affidavit as follows: "Affiant further states that at the time of the filing of said petition by the Alabama Power Company he had no title or interest in said land, nor did he claim to have any right, title or interest, therein; that he has not since acquired any right, title or interest in said land and that he does not now claim any right, title or interest in the same. That he was at the date of filing said petition the owner of a large tract of land near by the above described land which was included in said petition and was condemned to the use of the Alabama Power Company and for which the Alabama Power Company has made payment, and that in receiving payment for the land condemned no part of the assessment made for the land herein first mentioned and described was included in the amount paid for his land and that no part of the assessment made for the land herein described has ever been paid to him. And he further states that said land was not included in any mortgage given by him to the Federal Land Bank of New Orleans."

■■ The foregoing excerpt from appellant's affidavit in another case (the proceeding to condemn to which appellant and appellee in this cause were parties, the record of that proceeding being in evidence in this) is not reproduced here as evidence in itself of title in appellee, but as going to prove, in connection with other circumstances of like tendency shown by the record, that appellant acquired by mistake the legal title vested in him by his father's deed of 1888, which means in a court of equity, the case here, that such title was impressed with a trust for the true owner, the grantor, during the period from 1888 to 1895, and his grantee of the latter date, appellee's immediate predecessor in title, and since his death, appellee. Lacey v. Pearce, 191 Ala. 261, 68 So. 46. And, of course, the money in the keeping of the court is impressed with the same trust and was properly awarded by the court's decree to appellee who at the

**312**

time of the condemnation proceeding out of which it arose was in equity the owner of the land for which it was paid.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.