# Dickson, *et al.* v. Dickson, *et al.*

## *Bill to Quiet Title.*

(Decided May 14, 1912.  59 South. 58.)

*Wills; Estates Taken; Limitation Over.*—Where the will devised property to a person forever, with the proviso that the property should revert to the testator's estate if the devisee died leaving no children, the devisee took a fee, subject to be defeated upon her dying without children surviving her, but which became absolute if she left children; the provision that the property should revert to the testator's estate showing that the death without issue, intended by him, was not a death in the testator's lifetime.

APPEAL from Chambers Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Martha Dickson against Louis F. Dickson and others to quiet title to land under the statute. Decree for complainant, and respondents appeal. Reversed and remanded.

Answering the bill, the respondents admitted all the allegations of the bill, and in setting forth their claim they aver that they claim an interest in said land as devisees named in the will of M. A. Dickson, deceased, and that under the said will they claim an interest in the said property as remaindermen, and set up item 3 of said will in support of their claim.

BARNES & DENSON, for appellant. The devise is in form absolute with a qualified proviso, and this proviso being subsequent forms a condition upon which the devise is made and is bound to be given some effect. The testator's evident intention was to provide for Martha T. during her life and in the event of her death without a child surviving her that then the property devised to her should go to his other children.—*Smith v. Smith,*

[Dickson, et al. v. Dickson, et al.]

47 South. 220; *Ballantine v. Foster*, 128 Ala. 628; *Andrews v. Russell*, 129 Ala. 195; *Newsum v. Wolsape*, 101 Ala. 683; *Phinizy v. Foster*, 92 Ala. 262; *Miller v. Flournoy*, 26 Ala. 724; *Flinn v. Davis*, 18 Ala. 122; *Hitchcock's case*, 7 Ala. 386. For the definition of the word "revert" as used in the devise, see 34 Cyc. 1694.

CAMPBELL & JOHNSON, for appellee. Under the 3rd item of the will Martha T. Dickson took an absolute estate as the law leans against limited estate, and where the intendment of the will is doubtful, it will be construed as an absolute estate.—*Mickey's Appeal*, 92 Pa. St. 514; 94 Pa. St. 141; 127 Pa. St. 230; 19 Atl. 591; 10 N. E. 422; 19 N. E. 468; 28 N. E. 706; 17 A. & E. Enc. of Law, 573, and cases cited. The case of *Smith v. Smith*, 139 Ala. 406, is a controlling precedent in Alabama, upon the question under discussion.

MAYFIELD, J.—It is conceded that the sole question presented by this appeal is whether appellee took an absolute fee upon the death of the testator, her father, or merely a conditional fee, subject to be determined upon her death with children surviving her. A proper .construction of the third item of her father's will determines this question; the facts being undisputed. This item reads as follows: "3rd Item. I give, bequeath and devise to my said daughter Martha T. Dickson the following property, to wit: The home place whereon I now reside, consisting of lot No. 32 according to Sheppard's map, in the city of Lanett, originally Bluffton, Chambers county, Alabama, with all the rights, members and appurtenances to the same belonging or in any wise appertaining. To have and to hold to her own proper use and benefit and behoof forever. Provided, however, should my said daughter

leave no child or children surviving her at her death, then in that event the property bequeathed and devised in this item of this will shall revert to my estate and be divided equally between my other children, share and share alike."

The intention of the testator is always the pole star in the construction of wills. With this guide, we cannot agree with the chancellor in his holding that Martha T. Dickson took an absolute and unconditional fee at the death of the testator. We are constrained to hold that she took a fee subject to be defeated upon her dying without child surviving her. It therefore cannot be determined whether she took an absolute or a conditional fee until the contingency mentioned in the will happens. If she dies leaving a "child or children surviving her," then she takes an absolute fee, and the lands descend to her heirs; but if she leave no such child or children, then the remainder reverts to the testator's heirs. The chancellor held that the decision in the case of *Smith v. Smith,* 139 Ala. 406, 36 South. 616, governed him in his decision and decree. The chancellor evidently overlooked the fact that the decision in that case on a second trial was departed from and greatly modified, if not expressly overruled.—See same case, 157 Ala. 79, 47 South. 220, 25 L. R. A. (N. S.) 1045, and note. From this note, it will be seen that the authorities are greatly divided upon this question; but we think this court is committed to the rule we have announced.—See the cases of *English v. McCreary,* 157 Ala. 487, 48 South. 113, and *McWilliams v. Ramsay,* 23 Ala. 813.

In the last-cited case, where "a husband conveyed by deed certain negroes to a trustee, in trust 'for the use, behoof and benefit of the grantor's wife *forever,* provided, however, that the title or property in said slaves

should be and remain in the trustee for the use and behoof of the wife, her heirs, executors and assigns, *during her natural life only,* with remainder to the heirs of her body by the grantor who might be living at her death, and, in default of such issue living at that time, the title and property in said slaves to revert to the grantor if living, but if dead to descend to his heirs at law,' " it was held: "(1) That the deed, as against the husband, created *a separate estate* in the wife in the property conveyed; (2) that the proviso was not repugnant to the preceding clause, but its effect was to limit the wife's interest to a *life estate;* (3) that the quasi contingent remainder to the heirs of the body of the wife of the grantor who might be living at her death was not too remote; (4) that a quasi reversionary interest remained in the grantor, and on his death, his wife surviving, this reversionary interest passed to his administrator, and was assets in his hands."

The deed in that case contained a proviso similar to that in the will in this case, and in speaking of the effect of the *proviso* the court said: "The natural and legitimate office of a proviso is to restrain or qualify some matter which precedes it; and the words of limitation upon the interest of the wife, as they are found in the proviso, sufficiently indicate the intention of the donor to confine the gift to the wife to the term of her natural life. But, in addition to the language of the proviso, we have the limitations over upon the termination of the life interest. The donor not only, in express terms, limits the beneficial interest of the wife to her life, but he also makes a disposition of the property after the termination of that interest. We must, if possible, so construe the deed as to give effect to these limitations, and we cannot sustain them, unless we support the proviso."—23 Ala. 817.

[Brown v. Brown.]

We concede that there are authorities the other way, which are cited by counsel for appellee; and many others may be found in note to the case of *Smith v. Smith,* 25 L. R. A. (N. S.) 1045, et seq., which hold that the death of the first taker without issue, children, etc., refers to the time of the death of the testator, and not to the time of the death of the life tenant. But that consruction could not be applied to this will without defeating what we deem to have been the clear intention of the testator. This will does not dispose of the remainder upon the death of the first taker without issue, but provides that it shall revert to the estate of the testator on the happening of the mentioned contingency. If the contingency mentioned in the proviso must happen during the life of the testator, the estate could not revert to his estate, because he is not dead. So it appears certain that in this particular case the time of the reversion must be *after* the death of the testator, and at the death of the first taker without child or children surviving her.

It follows that the decree of the chancellor must be reversed, and the chancellor will enter a decree in accordance with this opinion.

Reversed and remanded. All the Justices concur.