# Ashurst, et al. v. Ashurst.

*Bill to Remove Settlement from Probate to Chancery Court and to Construe a Will.*

(Decided February 11, 1913. 61 South. 942.)

1. *Wills; Construction.*—Every will, deed or other written instrument should be so construed, if possible, as to give some effect thereto.

2. *Perpetuities; Restraint of Alienation for Term of Years.*—The will considered, and it is held that the purpose of the testator to vest in each of his children an interest of one-sixth of his estate directed to be sold, subject to "the previous life estates limited herein," the will devising certain land to each of three sons for their several lives respectively, and on their several deaths within twenty-five years after his death to their children, or, if there were no children, to the surviving donees until the expiration of twenty-five years, was void, since, notwithstanding the recital that his purpose was to vest an interest in the remainder subject to the previous life estates, the will created no previous life estates, but devised to the sons and their children a term of twenty-five years which could not be done under the provisions of section 1030, Code 1896.

APPEAL from Tallapoosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Gillie D. Ashurst against Harry G. Ashurst and others for removal of an estate from the probate to the chancery court, to construe a will and for instructions to the executor. Decree for complainant, and respondents appeal. Affirmed.

See, also, 175 Ala. 667, 57 South. 442.

The will of J. V. Ashurt, executed January 3, 1903, is as follows:

"Item 1. I am desirous of securing my children as far as possible in a decent subsistence, against the accidents and misfortunes of life, on which account, and because I think real estate will greatly enhance in value, I make this somewhat peculiar will, postponing a final division of my land for a considerable period."

"Item 3. I give to my son Harry G. Ashurst what is known as my home plantation, where, at the date of this will, I reside, lying in Tallapoosa and Macon counties, containing 1,490 acres; and to my son Wade Hill Ashurst, my Frank Ashurt place in the same counties, containing about 760 acres of land, lying on the east of my home place; and to my son R. L. Ashurst, my Burney place in Tallapoosa county, west of the homestead, containing about 800 acres; these three places shall go to and belong to said several donees, for their several lives respectively, and on their several deaths, within twenty-five years after my death, to their several children, if any living, until the expiration of twenty-five years after my death, and in the event of no children of the several donees, then to the survivors of the said three donees, then living, and on their death to their children until the end of twenty-five years after my death, except that if any such donees (my three said sons) become bankrupt or insolvent or execute any

mortgage on said property so given to them severally or suffer any execution or any process for the payment of debt to attach to such share so given to such donee, under ·which said property shall be advertised for or exposed for sale, then in that event the estate of such donee shall thereupon cease and terminate absolutely, and at once vest in the children equally of such donee, and in default of living children at such date, to the other of said three donees, my children, then living, equally; and if the others of said donees be dead, then to their children equally per stirpes, during the life of such donee, whose estate is thus terminated and until the period for final division of my estate hereinafter provided for."

"Item 8. At the end of twenty-five years from my death, the lands embraced in the said three places devised to my said sons, Harry, Wade H. and R. L. are directed to be sold at public auction in lots or bodies likely to suit purchasers, for one-third cash, the balance at one and two years with interest, and deeds shall be made and mortgages taken back for credit portion of the purchase money, and after paying the expenses of the sale, the entire proceeds including cash and time notes shall be equally divided among my six children now living; if any child should be dead, his heirs, descendants or devisees shall take the share of such child as he or she may provide by will, and in case of no will as the law provides in the case of intestacy; the purpose hereof being to vest in each of my children an interest of one-sixth of such estate directed to be sold subject to the previous life estates limited therein."

JAMES W. STROTHER, for appellant. It cannot be contended that the devisees, and the devise to them come within the definition of a perpetuity.—Gray on Perpet-

[Ashurst, et al. v. Ashurst.]

uities, sec. 201; *Lyons, et al. v. Bradley,* 168 Ala. 505. Every deed or devise should be given some effect vesting an estate.—*Dean v. Mumford,* 102 Mich. 510; 140 N. Y. 135. The law presumes conclusively that the testator intended the limitation to take effect within the lawful period.—89 Tenn. 219; 61 Conn. 13; note to *In re Walkerly,* 49 Am. St. Rep. 126. Vested interests are not subject to the rule against perpetuities.—*Lyons v. Bradley, supra;* 80 Am. St. Rep. 625; Gray on Perpetuities, sec. 205. All the devisees under the will of Ashurst took vested interest, and this is especially true as to H. G., W. H., and R. L. Ashurst.—*Lyons v. Bradley, supra; Smaw v. Young,* 109 Ala. 528. A devise valid within itself will not be defeated by subsequent invalid conditions.—*Lyons v. Bradley, supra; Robertson v. Hayes,* 83 Ala. 290.

WILLIAM F. THETFORD, and STUART MCKENZIE, for appellee. For a former report of this case see *Ashurst v. Ashurst,* 57 South. 442. The attempted devises are directly in the face of the provisions of section 1030, Code 1896, and are, therefore, void.—*Lyons v. Bradley,* 168 Ala. 505. The so-called life estate cannot be preserved.—*Lyons v. Bradley, supra.* The ulterior estates cannot be upheld as leases.—Tiedman on Real Property; secs. 172, 183-4; *Lyons v. Bradley, supra.*

DE GRAFFENRIED, J.—The reporter will set out, in his statement of the facts of this case, items, 1, 3, and 8 of the will, which, in this case, we are called upon to construe.

1. Section 1030 of the Code of 1896, which controls the provisions of this will, is as follows: "Lands may be conveyed to the wife and children, or children only, severally, successively and jointly; and to the heirs of

[Ashurst, et al. v. Ashurst.]

the body of the survivor, if they come of age, and in default thereof, over; but conveyances to other than the wife and children or children only, cannot extend beyond three lives in being at the date of the conveyance, and ten years thereafter."

Under the above will Mr. Ashurst did not attempt to devise the *lands* described in item 3 of the will to his three sons "severally, successively and jointly, and to the heirs of the body of the survivor if they came of age, and in default thereof, over." He undertook to devise to his three sons, and, under certain conditions, to their children, a *term* of 25 years—a chattel real— in the said lands. While he declares, at the end of item 8 of the will, that it was his purpose to *vest* in each of his six children an undivided one-sixth interest in remainder in the said lands, subject to the previous life estates limited in item 3 of the will, the truth is that he had not in item 3 created a previous life estate in said lands. To so construe the provisions of item 3 of the will would be to juggle with mere words. Item 3 simply and plainly creates a term of 25 years in said lands and declares who shall enjoy that term.

The above is not only true, but the purpose of the testator in creating the term of 25 years is not left in doubt. The purpose he himself in item 1 plainly declares was to secure to his children a decent subsistence against the accidents and misfortunes of life and to postpone, for a considerable period, a final division or sale of the lands described in item 3 of the will. The open purpose of the testator in items 3 and 8 of his will was to so fetter the lands described in said terms as to render their sale in any way, by any person or by any court, impossible until a period of 25 years had elapsed after his death. "The rule against perpetuities is a restraint imposed for reasons of public policy by the law

upon an owner's power to dispose of property. Every deed and will is therefore to be construed as though no rule against perpetuities existed. The intention of the owner having been thus determined, the rule is to be applied."—30 Cyc. p. 1498. So construing the will in question, it seems to us that the provisions of items 3 and 8 are offensive to our statute against perpetuities and are therefore void. If Mr. Ashurst had the power to so fetter the lands, to which we have above referred, for a period of 25 years, he had the power to prevent their sale for a much longer period, and to so hold would be, in effect, to strike the above-quoted statute against perpetuities from our Code. The Legislature has seen fit to declare that the measure of the period during which the right to alienate lands may be suspended shall be determined by *human lives,* and the provisions of this will are clearly offensive to the above-quoted provision of our Code.

2. We recognize that some effect, if possible, should be given to every will, deed, or, as to that matter, to every written instrument. We have, however, no authority to make a will for Mr. Ashurst nor to say what he would have done with his property if he had not, when he made his will, labored under the erroneous impression that he had the power to postpone a sale of his lands for the definite period of 25 years after his death. This term of years was created by Mr. Ashurst as a part of his scheme to prevent the alienation of the lands for a period not permissible under the law, and it "happens that whenever a testator, through temerity or ignorance, violates the plain mandate of the statute, as in this case, and creates a trust by which the absolute power of alienation is sought to be suspended for a term of years, he must pay the penalty of his rashness or folly in the destruction of his cherished design."—*In re*

*Walkerly,* 108 Cal. 627, 41 Pac. 772, 49 Am. St. Rep. 97; *Lyons, et al. v. Bradley,* 168 Ala. 505, 53 South. 244.

It seems to us that the vital points at issue in this case were fully considered and determined by this court in the case of *Lyons, et al. v. Bradley, supra.* In that case, as in this, a plain effort was made by the testator to evade our statute against perpetuities, and in this case, as in that, the result must be the same. Estates and interests created in lands, whether directly or through the medium of a trustee, which offend the above-quoted provision of our Code, are void.—*Lyons, et al. v. Bradley, supra.*

3. The above-quoted section 1030 of the Code pro-vides, among other things, that lands may be convey-ed so as to extend the estate conveyed for a period of three lives in being and *ten years thereafter.* Section 3410 of the Code of 1907 also provides that "no trust of estate for the purpose of accumulation only can have any force or effect for a longer term than ten years." This period of "ten years" fixed in the above sections of the Code may evidence a legislative license to testators and grantors to so fetter the estates devised or granted by them as to prevent their alienation for a *fixed* period of *ten* years, but certainly not longer. This question is not before us, and it is therefore unnecessary for us to determine it.

The decree of the court below is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.