(100 South. 817)
HUGHULEY et al. v. BURNEY et al.
(5 Div. 874.)

(Supreme Court of Alabama. Jan. 24, 1924. Rehearing Granted June 5, 1924.)

Wills ⬅634(8)—Remainder interests of beneficiaries held to vest on testator's death.

Where a will gave property to wife for life, provided she remain single, and provided for a division, after her death, among three of his children, and directed that one of such children pay out of property "bequeathed to him" the sum of $500 to testator's granddaughter within one year from testator's death, and concluded with provision that, if any of "above named legattess die without legal issue or for any reason said legacies to them should lapse, then the property herein bequeathed to them is to revert to the other relatives nearest of kin," held, that the remainder interests of beneficiaries vested upon testator's

death, the period of enjoyment merely being postponed.

Miller and Sayre, JJ., dissenting.

Appeal from Circuit Court, Chambers County; S. L. Brewer, Judge.

Bill in equity to quiet title to land by S. L. Burney and others against Amos Hughuley and others. From a decree overruling demurrer to the bill, respondents appeal. Reversed and remanded on rehearing.

Morrow & Moore, of West Point, Ga., and James J. Mayfield, of Montgomery, for appellants.

Technical words in a will are presumed to have been used in a technical sense, unless the context shows a clear intent to the contrary. De Bardeleben v. Dickson, 166 Ala. 59, 51 South. 986; Shuttle & Weaver v. Barker, 178 Ala. 366, 60 South. 157. Where the intention of the testator is not clearly expressed, the courts must resort to established rules of construction. In re Duffy's Est., 90 Misc. Rep. 251, 152 N. Y. Supp. 894; Brokaw v. Emmens, 84 N. J. Eq. 389, 93 Atl. 200; Wiegand v. Woerner, 155 Mo. App. 227, 134 S. W. 596; Ironside v. Ironside, 150 Iowa, 628, 130 N. W. 414; In re Van Cleef, 92 Misc. Rep. 689, 157 N. Y. Supp. 549; Code 1907, § 6166. Words of survivorship in a will relate to the testator's death, unless there is a manifest intention to the contrary. Spira v. Frenkel, 210 Ala. 27, 97 South. 105; Smith v. Smith, 139 Ala. 406, 36 South. 616; Haigler v. Haigler, 202 Ala. 480, 80 South. 864; O'Connell v. O'Connell, 196 Ala. 225, 92 South. 81; Burleson v. Mays, 189 Ala. 107, 66 South. 36; Tarbell v. Smith, 125 Iowa, 388, 101 N. W. 118; Neubert v. Colwell, 219 Pa. 248, 68 Atl. 673; Benson v. Corbin, 145 N. Y. 351, 40 N. E. 11; Meacham v. Graham, 98 Tenn. 190, 39 S. W. 12; Hoover v. Hoover, 116 Ind. 498, 19 N. E. 468; 157 Ala. 79, 47 South. 220, 25 L. R. A. (N. S.) 1059; 25 Eng. R. Cs. 603. The law inclines to regard devises and legacies as vested rather than contingent. Andrews v. Russell, 127 Ala. 195, 28 South. 703; Bethea v. Bethea, 116 Ala. 265, 22 South. 561; Phinizy v. Foster, 90 Ala. 262, 7 South. 836.

Barnes & Walker, of Opelika, for appellees.

Survivorship here did not refer to testator's death. Dickson v. Dickson, 178 Ala. 117, 59 South. 58. The period of division was at the death of the life tenant, and the survivors at such death took the whole. Darrow v. Florence, 206 Ala. 675, 91 South. 607; Burleson v. Mays, 189 Ala. 107, 66 South. 36. Technical words will be given the meaning clearly intended by the testator. Corley v. McElmeel, 149 N. Y. 228, 43 N. E. 628; 5 Words and Phrases, First Series, 4085; Weeks v. Cornwell, 104 N. Y. 325, 10 N. E. 431;

Micheau v. Crawford, 8 N. J. Law, 90; Lallerstedt v. Jennings, 23 Ga. 571; 40 Cyc. 993.

SOMERVILLE, J. It is a well-settled rule of a testamentary construction that, when the testator makes provision against the death of a beneficiary by otherwise disposing of his estate or interest upon such a contingency, such beneficiary takes a vested estate upon the death of the testator; the principle being that words of survivorship in a will, unless there is a manifest intent to the contrary, always relate to the death of the testator. Spira v. Frenkel, 210 Ala. 27, 97 South. 104, wherein the cases are collected. This is a presumption founded in part upon the idea that the testator favored the taker first named and in part upon the preference of the law for the early vesting of estates.

There is, however, a well-settled exception to this rule, viz., that, where the testator postpones the distribution of his estate to be made to the members of a class until the happening of some event, or until a specified time, then only those who survive as members of the class when the contingency occurs or the time arrives are entitled to share in the distribution. Burleson v. Mays, 189 Ala. 107, 119, 66 South. 36, 40; Darrow v. Florence, 206 Ala. 675, 91 South. 606; Smith v. Smith, 157 Ala. 79 (6), 47 South. 220, 25 L. R. A. (N. S.) 1045; 28 R. C. L. 264, § 238.

But since the rule, as well as the exception, rests upon the presumption of a testamentary intent, whenever the context of the will shows a contrary intent the presumption is rebutted, and the rule of construction is without any field for operation. Smith v. Smith, supra; Matter of Smith, 131 N. Y. 239, 30 N. E. 130, 27 Am. St. Rep. 586; 28 R. C. L. 264, § 238.

Whether the rule which postpones the vesting of an interest or estate in a beneficiary until the time named for distribution, i. e., upon the termination of a prior life estate, and limits the beneficiaries to those who may be then living, is operative equally whether the beneficiary remaindermen are designated each by name or are designated generally as members of a class we need not now determine. See, however, Denny v. Kettell, 135 Mass. 138, limiting Blanchard v. Blanchard, 1 Allen (Mass.) 223. The language of the will in Burleson v. Mays, 189 Ala. 107, 66 South. 36, is materially different from the language of the will in this case, and it is not decisive in this question.

In the instant case we think the question of the vesting of the remainder interests in the several devisees and legatees named in the will—specifically, whether E. L. Burney took a vested estate under his devise upon the death of the testator, or merely a contingent estate to be defeated by his death before the termination of the widow's life estate—must be determined in favor of the first al-

ternative, because contextual provisions indicate that such was the testator's intention.

We see no way to reconcile with any other theory the provision of item 3, subdivision a, that E. L. Burney should pay to the granddaughter, Lucile Wallace, $500 "out of the property bequeathed to him," the payment of which he is required to make within one year from the date of the testator's death. Such a provision and such a requirement are essentially inconsistent with an intention to bequeath (meaning, of course, to give and devise) the property to E. L. Burney only contingently upon his survival of the widow, and not upon his survival merely of the testator.

E. L. Burney could not pay $500 "out of" the property unless it were vested in him, and the time of its payment has no relation to the time of the death of the widow. It will not do to say that the testator intended the legacy of $500 to Lucile Wallace to vest in her at once (as he manifestly did intend), but that he intended that the property "out of" which its devisee was required to pay it would vest in him only at some uncertain future time—possibly many years later.

By item 2 of the will the testator gives, devises, and bequeaths to his wife all of his property, real and personal, "to have during her natural life, provided, however, that *she remain single.* (Italics supplied.)" In the ordinary course she might very well have remarried within twelve months after the testator's death, thus terminating her estate. Can it be supposed, with any show of reason, that the testator intended, in such an event, that the property given by him to his children and grandchild, severally, should remain unvested and untouched until the death of his wife? Such an intention would, we think, be wholly unnatural and improbable, since it would largely defeat the very purpose for which he had carefully provided, viz., the enjoyment of the devises and legacies by his chosen beneficiaries as soon as the widow's interest was terminated or defeated.

It is evident that the writer of the will was not skilled in the use of testamentary language, and did not use some of his words and phrases with due technical precision— as pointed out by Justice Miller in his dissenting opinion; and we are convinced, from a survey of the entire instrument, that by the first clause of item 3, providing that the division of his property as thereunder devised or bequeathed should be made after the death of his wife, the testator intended to postpone the period of enjoyment only, consistently with the widow's estate, and not to postpone the time of its vesting in the beneficiaries named.

It results that the mortgage given by E. L. Burney to the respondents after the death of the testator conveyed to them the then vested interest of E. L. Burney in the land devised to him; and that neither the mortgage nor the deed of sale thereunder is subject to cancellation at the suit of complainants.

We hold that the demurrer to the bill should have been sustained, and the decree of the circuit court will be reversed, and the cause remanded for further proceedings.

Reversed and remanded.

ANDERSON, C. J., and GARDNER, THOMAS, and BOULDIN, JJ., concur.

MILLER, J. (dissenting). This is a bill in equity by S. L. Burney and others against Amos Hughuley and others to quiet the title to 262 acres of land, and to remove as a cloud on the title a mortgage and foreclosure deed under it. The defendants demurred to the bill, which demurrer was overruled by the court, and this decree is the error assigned.

The real equity of the bill and the only relief sought by it is the removal of clouds from the title to this land; and whether the mortgage and the foreclosure deed are clouds on the title depend on the construction of the will of S. L. Burney, Sr., deceased, which is made a part of the bill as an exhibit to it. S. L. Burney, Sr., died January 24, 1918, a resident citizen of Chambers county, and left a last will and testament, which was duly probated. That part of the will pertinent to this cause reads as follows:

"(2) I give, bequeath and devise to my wife, Sallie W. Burney, should she be living at my death, all of my real property of which I might die possessed of, and all of my personal property to have during her natural life, provided, however, that she remain single.

"(3) After the death of my wife, it is my wish that my property be divided as follows:

"(a) To my son, J. A. Burney, all of my Lanett property at the Over-head Bridge, consisting of one store building, one six room dwelling house, two four room dwelling houses, and one three room dwelling house. E. L. Burney is to pay out of the property bequeathed to him the sum of $500.00 to my granddaughter, Lucile Wallace, the wife of Fred Brooks, which amount he is given the period of one year from date of my death in which to pay same.

"(b) To my son, E. L. Burney, the Hill or Home Place, containing 262 acres, more or less.

"(c) To my son, S. L. Burney, Jr., my Brown Place, containing 162 acres, more or less.

"(d) To my daughter, Annie Lamb, the Harrington Place, containing 160 acres, more or less.

"(e) To my grand-daughter, Lucile Wallace, the wife of Fred Brooks, I give the further sum of $2,000.00 in cash, to come out of my life insurance.

"If any of the above named legattess die without legal issue. or for any reason the said legacies to them should lapse, then the property herein bequeathed to them is to revert to the other relatives nearest of kin."

Sallie W. Burney, widow of the testator, at his death, under his will, went into and

is still in possession of the 262 acres of land mentioned as bequeathed to E. L. Burney in paragraph b of section 3 of the will, and which is the land involved in this cause. She is still a widow, has not married since her husband's death. E. L. Burney, son of the testator, mentioned in paragraph b of the will, died on January 17, 1921, executed a mortgage on this 262 acres of land to the defendants, who are the appellants, to secure a $3,000 note given by him to them; and E. L. Burney died on February 4, 1922, leaving no issue or lineal descendants, and without ever having any issue. After his death, the defendants, the mortgagees, foreclosed the mortgage, and at the sale became the purchasers of this land for the sum of $3,710.66. The mortgage to the defendants and the foreclosure deed to them were duly recorded in the probate office of Chambers county, Ala., the county in which the land is located. The complainants in this cause are the widow and all the heirs, children, and lineal descendants of the testator.

In the construction of wills the intention of the testator should govern and control the court in determining its meaning, and his intention should prevail, unless it is contrary to the statute or established rules of law. The words used by the testator in the instrument must be "taken in their natural and proper sense; which implies that technical words are to be construed according to their technical meaning, unless a clear indication is furnished by the context that they were used in a different sense." Young v. Kinnebrew, 36 Ala. 97; Shuttle v. Barker 178 Ala. 366, 60 South. 157.

A legatee is a person to whom personal property, money, or choses in action, as distinguished from real estate, is bequeathed in a will. However, from the general context of the will, it may appear to have been used therein by the testator not in its technical legal sense, but in its popular or general sense, to include devisees as well as legatees. Under such circumstances it should be construed by the court as the testator intended and as he used it, when his meaning and intent in its use is clear from the context. 5 Words and Phrases, First Series, p. 4084, 4085; Young v. Kinnebrew, supra; Shuttle v. Barker, supra.

These words in the will, "If any of the above named legattess die without legal issue," were not intended to refer and include only legatees. Legatee, appearing in the will as "legattess," was not used in its technical legal sense. Strictly speaking there was only one legatee named in the will, Lucile Wallace Brooks; yet this provision of the will uses the plural of legatee and the plural of legacy, and the word "them" and not the word "her"; and states if any of the above-named "legattess" die, etc., clearly indicating thereby that the testator by "legattess" re-

ferred to each and all of the five persons named in the subdivisions a, b, c, d, and e of the will, all of whom are devisees, except one who is a legatee. By this provision in the will the testator clearly manifested his intention to refer to each and all of the five different persons mentioned in the above-named subdivisions of the will, whether a devisee or legatee.

It results and we hold that E. L. Burney took by devise under the will the 262 acres of land mentioned in section b of the will, subject to the following provisions: "If any of the above named legattess die without legal issue or for any reason the said legacies to them should lapse, then the property herein bequeathed to them is to revert to the other relatives nearest of kin," and, subject to this provision in paragraph a, "E. L. Burney is to pay out of the property bequeathed to him the sum of $500.00 to my grand-daughter Lucile Wallace, the wife of Fred Brooks, which amount he is given the period of one year from date of my death in which to pay same."

E. L. Burney died after the testator. The testator died seized and possessed of this land on January 28, 1918, and E. L. Burney died without issue, leaving no children or their descendants, on February 4, 1922.

The will gives and devises without question to the widow of the testator all of the real and personal property of the testator for and during "her natural life, provided however that she remain single." She is still single, and is in possession of all this property under the will, which is here involved.

Do the words, "if the above named legattess [E. L. Burney] die without legal issue or for any reason the said legacies to them should lapse," refer to the death of the testator or the death of the widow, the life tenant? There are two contingencies: One is, if E. L. Burney died without legal issue after the testator, this happened; the other is, if for any reason this devise to him should lapse, this did not happen. The testator died before the death of E. L. Burney. the devisee, and this devisee died before the termination of the life estate. So do the words, "die without issue," refer to the period of time of the death of the testator or the termination of the life estate? The will states, "After the death of my wife, it is my wish that my property be divided as follows." This court, in Burleson v. Mays, 189 Ala. 118, 66 South. 36, declares a rule which governs and controls in the construction of such wills, when the time is not fixed by the will, and is as follows:

"Words of survivorship—to what period referred. Where the gift is to take effect in possession immediately upon the testator's decease, words of survivorship are regarded as intended to provide against the death of the objects of the gift in the lifetime of the testa-

tor, and prima facie refer to his death. Early English cases extended the rule to cases in which the gift was postponed to a prior life estate, or other particular interest carved out. The later English cases abandoned this position and adopted the rule that whether the gift be immediate or postponed, and whether the property be real or personal, words of survivorship prima facie refer to the period of division. If there is no previous interest given the period of division is the death of the testator and survivors at his death take the whole, but if a previous life estate be given, then the period of division is the death of the life tenant and survivors at such death take the whole."

This rule has been approved and followed in the cases of Darrow v. City of Florence, 206 Ala. 675, 91 South. 606; Reynolds v. Reynolds, 208 Ala. 674, 95 South. 180. See, also, Dickson v. Dickson, 178 Ala. 117, 59 South. 58; Bingham v. Sumner, 206 Ala. 266, 89 South. 479.

Here, in the will under consideration, a previous life estate is given in this land, which is conditionally bequeathed to E. L. Burney. So, under the rule above declared and followed by this court, the reversion bequeathed to E. L. Burney in this 262 acres was subject to be divested in event of his death without legal issue before the termination of the life estate of the widow therein. This is the proper construction of the will under the foregoing rule in Burleson v. Mays, supra; and this was the intended instruction of the testator from his words in the will that, "after the death of my wife, it is my wish that my property be divided as follows," under the conditions and contingencies mentioned therein. These words in the will, "is to revert to the other relatives nearest of kin," also give force and weight to that construction as being the intent of the testator. Dickson v. Dickson, 178 Ala. 117, 59 South. 58.

The appellant insists that the foregoing paragraph in the will is void for uncertainty, incapable of being enforced, because it is uncertain who are the "other relatives nearest of kin" mentioned therein, and that Lucile Wallace Brooks, granddaughter of the testator and niece of E. L. Burney, is an improper party complainant, as she would not be one of the "other relatives nearest of kin." The testator in that clause of the will uses these words, "is to revert to the other relatives nearest of kin." We do not think the testator used these words to mean strictly to revert to his sons and daughters, to the exclusion of a descendant, Lucile Wallace Brooks, of a deceased child. We are of the opinion and hold he intended for it to revert to his other relatives, next of kin, who would take this property of E. L. Burney, as in case of intestacy of the testator, S. L. Burney, Sr., under the statutes of distribution, subject, of course, to the life estate therein of the widow of the testator, and subject to

211 ALA.—26

the $500 legacy to Lucile Wallace Brooks. 40 Cyc. 1458 [Relatives].

It is true that in section a of the will the testator states:

"E. L. Burney is to pay out of the property bequeathed to him the sum of $500.00 to my grand-daughter, Lucile Wallace, the wife of Fred Brooks, which amount he is given the period of one year from date of my death in which to pay same."

Whether E. L. Burney ever paid this $500 to Lucile Wallace Brooks we do not know. The record is silent on the subject. This legacy was probably intended by the testator as a charge on the particular property, 262 acres, devised conditionally to E. L. Burney; but that question is not presented by the record, and we see no necessity to discuss and decide it. The testator evidences no intent to confer a different title on his different children. It is clear he intended to treat them all alike in respect to the character of the title conferred on them, except that probably to equalize his gifts he fastened a lien of $500 on the land devised to E. L. Burney in favor of his granddaughter. It is clear under our decisions above that the interest conferred on the other devisees was contingent upon their dying without issue before the period of distribution; and, while the method of fastening this charge of $500 upon the 262 acres devised to E. L. Burney makes some trouble, yet it is clear from the whole will that the general character of the interest conferred upon him was to be the same as that conferred upon the other devisees.

Section 3401 of the Code states remainders are either vested or contingent, and defines each. The interest of E. L. Burney in this property under the will is a contingent remainder interest, and it is called by and has the effect under the statute (section 3398, Code 1907) of an executory devise. We hold the contingent remainder interest of E. L. Burney in this land, which has the effect of an executory devise under the statute (section 3398), was divested by his death without legal issue before the falling in of the life estate of the widow therein, and then reverted to, under the terms of the will, and vested absolutely in, the other relatives, next of kin of the testator, subject, of course, to the life estate of the widow therein, and subject to the $500 legacy charge of Mrs. Brooks thereon. Authorities, supra.

Under the facts averred in the bill, and under the will, the defendants, appellants, own no interest in and no title to this land through the mortgage given them by E. L. Burney. This mortgage and the foreclosure deed are clouds on the title, and should be removed.

The widow of the decedent, owner of the life estate in this land, and the children of the testator and Lucile Wallace Brooks, a

descendant of a deceased child of testator, are proper parties complainant. The widow, the life tenant, has possession of the land. They each have some interest in this land. A life tenant in possession of land and the remainderman may maintain a bill in equity to remove a cloud upon the title. Miller v. Thompson, 205 Ala. 671, 89 South. 51.

The demurrers to the bill were properly overruled by the court.

SAYRE, J., concurs in this opinion.