(115 So. 104)

**MEHAFFEY et al. v. FIES et al.**
**(6 Div. 859.)**

Supreme Court of Alabama. Jan. 12, 1928.

Perpetuities ⚌4(10)—Devise with survivorship provision held void as to unborn devisees, title not vesting within three lives in being and 10 years thereafter (Code 1923, § 6922).

Devise of real estate to grandchildren, either in being or unborn, share and share alike, with proviso that share of any grandchild, either in being or unborn, who should die before attaining age of 21 years without issue should go to the surviving grandchildren, *held* void as to unborn grandchildren, as violating statute against perpetuities (Code 1923, § 6922), by holding final vesting of title in abeyance for more than three lives in being and 10 years thereafter.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Suit in equity to remove cloud on title to real estate brought by Ralph Fies and another against A. T. Mehaffey and others. From a decree for complainants, respondents appeal. Affirmed on rehearing.

Paragraphs 5 and 6 of the will of Mrs. Emma R. Mehaffey are as follows:

"5. I will and bequeath to my grandchildren, Emma Gertrude, Myrtle Ricksford, and Annie Mehaffey, children of my son, the said A. T. Mehaffey, and to any other children that may be born to my said son, the said A. T. Mehaffey, all the residue of my estate or property, both real and personal or mixed, share and share alike, provided should any of the children above named of my said son A. T. Mehaffey, should die at any time before they should become 21 years of age without issue, then the other children shall receive such share.

"6. I will and direct that all the real estate of which I am seized and possessed at the time of my death which I have disposed of in the sixth paragraph of this will shall not be sold, or in any way divided until the youngest child named in said paragraph, or provided for therein shall have become 21 years of age, provided however, should the youngest or any other child die before it is 21 years of age said real estate may be disposed of at any time after all of the beneficiaries then living shall be over 21 years of age, and the proceeds equally divided among them."

John R. Boyle, of Birmingham, for appellants.

A vested estate is unaffected by the rule against perpetuities. Gray's Rule against Perpetuities (3d Ed.) pp. 201, 205–210, 283, 320–322, 972–974. A vested estate is measured by the definition that it is the present capacity of taking effect in possession, if the possession were to become vacant. Duncan v. De Yampert, 182 Ala. 528, 62 So. 673; Smaw v. Young, 109 Ala. 528, 20 So. 370; Kumpe v. Coons, 63 Ala. 448; Gindrat v. Western Ry., 96 Ala. 162, 11 So. 372, 19 L. R. A. 839; Code 1907, § 3401; Lyons v. Bradley, 168 Ala. 505, 53 So. 244. The estate created by the will is an estate to an individual and a class. Gray's Rule against Perpetuities § 110.

Edward T. Rice, of Birmingham, for appellees.

A devise of land to a daughter-in-law and grandchildren cannot extend beyond three lives in being at the date of the conveyance —death of testatrix—and 10 years thereafter. Code 1923, § 6922; Lyons v. Bradley, 168 Ala. 505, 53 So. 244; Crawford v. Carlisle, 206 Ala. 379, 89 So. 565; Henderson v. Henderson, 210 Ala. 73, 97 So. 353. If the fatal period may elapse before what is to be done can be done, the consequence is the same as if such must inevitably be the result. Possibility and certainty have the same effect. Lyons v. Bradley, supra; Ould v. Washington Hospital, 95 U. S. 303, 24 L. Ed. 450; Gray on Perpetuities (3d Ed.) § 214. So long as A. T. Mehaffey lives, he in law is capable of having more children. Gray, Rule against Perpetuities, §§ 215, 376; 30 Cyc. 1483; Jee v. Aufley, 1 Cox, 324.

ANDERSON, C. J. This appeal involves a construction of sections 5 and 6 of the will of Mrs. Mehaffey deceased. These provisions bequeath the real estate to the children of the son of the testatrix then in being and to any unborn children of her said son, but provides that it shall not be divided or sold until the youngest child (born or unborn) should arrive at the age of 21 years.

It also provides in paragraph 5 that, in the event any of the devisees, born or unborn, die before attaining the age of 21 years without issue, his or her share shall go to the survivor. It will therefore be observed that the final vesture of the title will be in abeyance

and uncertainty for 21 years and 9 months after the death of A. T. Mehaffey. In other words, should A. T. Mehaffey marry again and beget children, they will take under the will, but will have to attain the age of 21 years before a final vesture of the title, and, for that matter, one of the existing devisees was only 4 years of age at the death of the testatrix, and it was more than 10 years before his title could be settled, even if unborn grandchildren had not been included.

Section 6922 of the Code of 1923 (which is as much of a puzzle to the profession now as when enacted over a half century ago; see paper of E. W. Faith, Esq., Ala. Law Journal, vol. 2, No. 3, p. 172) reads as follows:

"Lands may be conveyed to the wife and children, or children only, severally, successively, and jointly; and to the heirs of the body of the survivor, if they come of age, and in default thereof, over; but conveyances to other than the wife and children, or children only, cannot extend beyond three lives in being at the date of the conveyance, and 10 years thereafter."

The first part of this provision does not apply, as the bequest is not to the wife or the children, but to the grandchildren of the testatrix. Therefore it is governed by the last part of the provision, and violates same, because it extends beyond 10 years after the life of three persons in being. In other words, should either or all of the living children of A. T. Mehaffey die before attaining their majority and without issue, and said Mehaffey should beget other children, the interest of the deceased children would go to them, and if any of the unborn children should die before attaining their majority their share would go to the survivor, but could not finally vest or be ascertained until the youngest of said unborn children had issue or became of age. We therefore think, and so hold, that the will violates the last part of said section 6922. Lyons v. Bradley, 168 Ala. 505, 53 So. 244; Crawford v. Carlisle, 206 Ala. 379, 89 So. 565; Ashurst v. Ashurst, 181 Ala. 401, 61 So. 942.

The will in the case of Montgomery v. Wilson, 189 Ala. 209, 66 So. 503, and which was upheld by this court, is different from the one in hand. There the will merely directed that the estate be held together from 1911 to 1916, less than 10 years, and the devise to the two grandsons and over, in case they both died without issue, did not extend the period of final ascertainment beyond three lives in being and 10 years thereafter.

Whether the named devisees took a fee, or the perpetuity resulted in the intestacy of the testatrix as to this property, and her son, A. T. Mehaffey, took by descent, is of no consequence, as the complainant has conveyance from the surviving devisees, as well as A. T. Mehaffey, and the trial court properly held that the unborn children of said A. T. Mehaf-

fey had no title or interest in the property, and the decree of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BROWN, JJ., concur.