(118 So. 553)

**BOSHELL et al. v. BOSHELL et al.**
**(6 Div. 147.)**

Supreme Court of Alabama.   Nov. 8, 1928.

Sowell & Gunn, of Jasper, for appellants.

P. P. Evans, of Jasper, for appellees.

322

BOULDIN, J. The bill is to review a final decree in equity construing the will of W. R. Boshell, deceased.

For ready reference the will is here set out:

"(1) Know all men by these presents, that my last will is for my real estate to be equally divided among my heirs as near as can be, W. J. Boshell, Cora Boshell, Mary Boshell, now Pike, Martha Boshell, married Inman, Hoda Boshell, now Manasco, Queen Boshell, now Terrall, George Boshell, Lynn D. Boshell, Katie Boshell, now Bell, Lillie Boshell, now Tune, Cecil K. Boshell, Martha Boshell has two heirs which will heir her part.

"(2) My will is W. J. Boshell, W. A. Bell and Cecil K. Boshell be the executors of my will for the real estate and personal property and stock that I hold in the Alabama Power Company to remain in the Power Company and my executors to receive the dividends and divide the proceeds equally among all my heirs and money that might be in any bank draw the money out and place it in the Alabama Power Company, and draw the dividends and equally divide the same among my heirs after allowing my executors a reasonable compensation for their trouble for collecting and paying out the money in the event any of my heirs were to die without heirs of their own, then their interest to revert back to my heirs.

"(3) In the event any of my heirs raise objections to my will, then my executors pay the objector One Hundred Dollars and that amount shall be their interest in my estate.

"(4) My will is in deeding the land by my executors to make deeds to my heirs to remain in my heirs as long as they live and at their death to revert into their heirs as long as they live.

"(5) And my lots around Townley to be divided equally among my heirs as above mentioned and my house place where I now live be deeded to Katie Boshell, now Bell. It is my will that my executors wind up all my unfinished business that's standing out and not been settled just as though I were winding it up myself.

"(6) It's my will that no part of my estate be carried into administration, except at my death my will be recorded and carried out according to my request. This August 5, 1924." (The numbering of paragraphs is ours.)

Dealing with the real estate, the first clause merely looks to a division or partition among his children, naming them, and two grandchildren, representing the share of their deceased mother. They are spoken of as heirs, as heiring the property. The same terms are employed throughout the will.

Whether construed as merely contemplating a division among his heirs who take by descent, or construed as passing title by devise, this clause, standing alone, imports title in fee vested in each heir as to the portion allotted to him or her in the partition.

Paragraph (2) names executors of the will "for the real estate and personal property." It then creates certain trusts as to personal property, and closes thus:

"In the event any of my heirs were to die without heirs of their own, then their interest to revert back to my heirs."

We do not think this provision is limited to personalty, but means their interest in the estate, both real and personal, all dealt with in the preceding clauses.

"Die without heirs of their own" in the connection used means "die without issue." They could not die without heirs, under the conditions named. The heirs of the testator to whom the property shall revert would be the next of kin or lawful heirs of the devisees.

The quoted clause does not import a life estate in the devisee, but a base or determinable fee, subject to divestiture upon the death of the devisee without issue. Carter v. Couch, 157 Ala. 470, 47 So. 1006, 20 L. R. A. (N. S.) 858; Montgomery v. Wilson, 189 Ala. 209, 66 So. 503; Hibler v. Oliver, 193 Ala. 369, 69 So. 477; Harrison v. Harrison, 213 Ala. 418, 105 So. 179; Pearce v. Pearce, 199 Ala. 491, 74 So. 952; Blackstone v. Althouse, 278 Ill. 481, 116 N. E. 154, L. R. A. 1918B, 230; Knowlton v. Atkins, 134 N. Y. 313, 31 N. E. 914; 21 C. J. 922, § 18; Notes apt in Knowlton v. Atkins, 56 Hun, 408, 10 N. Y. S. 77.

The difficulty arises in construction of paragraph 4 in connection with the will as a whole. What was the testator's mind in directing deeds to be made "to my heirs" and "to remain in my heirs as long as they live and at their death to revert into their heirs as long as they live?"

Note there is no devise over after the death of the second taker.

Literally it appears to carve out two successive estates for life, leaving a reversion in fee undisposed of by the will. If there had been a devise over of a contingent remainder after the death of the second taker, the clause would have violated the statute against perpetuities; would have put the title under

lock and key for two successive life estates, the latter not in being at the death of the testator. Code, § 6922; Lyons v. Bradley, 168 Ala. 505, 53 So. 244; Ashurst v. Ashurst, 181 Ala. 401, 61 So. 942.

But in the absence of a devise over it will be noted the reversion vested upon the death of the testator in the heir, the same person to whom the first life estate was limited, and on his death this reversion would pass to his heirs, the same persons to whom the second life estate is limited. Thus at all times from the death of the testator the ultimate fee and the running life estate would be vested in the same person or persons.

Should paragraph 4 be given effect as creating a life estate only in the first taker with remainder in fee to the second? This might be done under the statute abolishing the rule in Shelley's Case, which reads:

"Where a remainder created by a deed or will is limited to the heirs, issue, or heirs of the body of a person to whom a life estate in the same property is given, the persons who, on the termination of the life estate are the heirs, issue, or heirs of the body of such tenant for life, are entitled to take as purchasers by virtue of the remainder so limited to them."

But we do not think this will can be so construed. The two life estates are limited in precisely the same words, viz., to "remain" * * * "as long as they live." How can the estate of the one be enlarged by construction into a fee without a like construction as to the other?

This paragraph is not wholly incompatible with the provisions of paragraph 2, vesting a determinable or conditional fee in the first taker, to become absolute in the second unless the condition (death without issue) defeats it.

Looking to the status of the realty being disposed of, we observe the record discloses the realty consisted of about fifty different tracts or parcels of land. Some twenty-eight of these parcels are widely scattered. In some the testator owned a surface interest only, in others the mineral interest only, in some the absolute estate, and in a few cases owned an interest as tenant in common with third persons, much of this land is valuable for the mineral interest only, much for the merchantable timber only, but little has any present income value.

The other parcels consist of lots and acreage in and about the town of Townley. Some of these are improved, the improvements varying much in value. Other portions are wholly unimproved.

Stress is laid on the fact that in this condition a life tenant, neither permitted to mine nor to make merchandise of the timber, would take an estate of no value burdened with taxes, etc.

Where the will creates a life estate in definite unequivocal terms, such circumstances cannot defeat the clearly expressed intent of the testator, although he may not have known the legal incidents of a life estate.

[7] But they may be considered in construing an ambiguous and doubtful devise. Schowalter v. Schowalter, 217 Ala. 418, 116 So. 116.

The incidents of a base fee are different from a life estate. The holder is not liable for waste in making use of the property in such manner as to make it valuable. 21 C. J. 923.

We conclude the intention of the testator is best subserved by construing the devise as a base or determinable fee in each of his children and grandchildren named in the will.

So far as paragraph 4 is at variance with this purpose, we think it a mere attempt to restrain the alienation, and to that extent void. The will gives evidence of apprehension of improvidence if an absolute, unqualified fee was vested in his children. This is shown by the disposition of the stock in the Alabama Power Company and cash on hand aggregating near $50,000, by far the most valuable part of the estate. As to this he vested control in the executors as trustees to hold and collect the income and divide same among the beneficiaries.

A decree fully construing the will and the duties and powers of the executors touching the personalty was entered January 4, 1926. No appeal was prosecuted from that decree. the decree appealed from was rendered March 15, 1928, on a supplemental bill seeking a construction of the provisions of the will as to real estate.

In this decree, the court, while questioning his authority to modify the former decree, did undertake to reconstrue the will so far as pertains to the duration of the trust imposed upon the executors in regard to the holdings in the Alabama Power Company.

The former decree was final as to personalty. The attempted change of construction in the last decree was coram non judice and void.

Appellants seem to conceive that no decree of a court of equity construing a will is binding and conclusive unless approved by this court. Such is not the law. The jurisdiction to construe wills is in the court of equity. Given jurisdiction of the subject-matter and of the parties, its decree rendered in due course is final as in other cases. The decree becomes the law of the will. The jurisdiction of this court is appellate. We do not construe Henderson v. Henderson, 210 Ala. 73, 97 So. 353, to hold anything to the contrary.

The trial court erred in declaring the will void as to devises of the real estate. The executors should make partition as directed by the will, and may have the aid of the court of equity if need be.

The deed to each devisee should convey title in fee, but subject to the condition that if he or she die without issue surviving, the title shall pass in fee simple to the descendants of the testator then living who shall take according to the statute of descents.

The decree is reversed and the cause remanded for further proceedings in conformity to this opinion.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.