151 So. 874

## REID et al. v. ARMISTEAD et al.

### 1 Div. 797.

Supreme Court of Alabama.

Dec. 21, 1933.

Rehearing Denied Jan. 18, 1934.

A. S. Johnson, of Thomasville, for appellant.

76

Adams & Gillmore, of Grove Hill, for appellees.

THOMAS, Justice.

■ The right of construction of this will was declared in Reid et al. v. Armistead et al., 224 Ala. 43, 138 So. 537.

The lower court not having construed the will on appeal from a decree overruling the demurrer to the bill for construction, and the affirmance thereof, the will was not construed on first appeal. Carroll v. Richardson, 87 Ala. 605, 6 So. 342; Ashurst et al. v. Ashurst, 175 Ala. 667, 57 So. 442; Powell et al. v. Labry et al., 207 Ala. 117, 92 So. 266; Schowalter et al. v. Schowalter, 221 Ala. 364, 128 So. 458; Id., 217 Ala. 418, 116 So. 116. The will was thereafter construed by the circuit court, and is before us for consideration, presented on last appeal by a bill seeking the sale of lands between joint tenants. Upshaw v. Eubank et al. (Ala. Sup.) 151 So. 837;[1] Schowalter et al. v. Schowalter, supra; Hinson v. Naugher et al., 207 Ala. 592, 93 So. 560; Gunter v. Townsend et al., 202 Ala. 160, 79 So. 644; Nabors et al. v. Woolsey, 174 Ala. 289, 56 So. 533; Ashurst et al. v. Ashurst, supra.

The will and codicil to be construed are in the following language, the paragraphs and italics being supplied for the purpose of a more convenient reference:

"I, James W. Armistead, of Clarke County, Alabama, make and publish this as my last will and testament.

"First,—I desire that all my debts shall be paid.

"Second,—As my wife has a separate estate sufficient to keep her from want, I make no provision for her, *except that I desire that she in connection and together with any of my daughters who may be single shall remain on and occupy my homestead so long as she may live,* being supported so long as she remains there, out of the income of my property.

"Third,—I will and bequeath all of my property of whatsoever description to my daughters, Eugenie, Willie, Emma and Myrtie, Lillie and May, *except that Lillie and May shall take no interest until the other daughters shall either marry or die.*

"Fourth,—It is my will and desire that *none of my real estate shall be sold so long as any of my daughters remain single,* and that *those who remain single shall have the use of and income from my property, so long as they may live to the exclusion of those who shall marry.*

"Fifth,—*Should any of the above named devisees die without issue then her share shall descend to the others herein named. But should any of them die leaving issue then her interest shall descend to her children.*

"Sixth,—I hereby nominate and appoint my daughters, Willie and Emma as executrices of this will, but bond is expressly waived.

"In witness whereof, I have hereunto set my hand and seal this 5th day of November, 1897."

On January 21, 1905, said testator executed a codicil which is as follows:

"I, J. W. Armistead, being of sound mind and disposing memory, hereby make and de-

[1] 227 Ala. 653.

clare this to be my codicil to my last will and testament, dated November 5th, 1897, and attested by Wm. D. Dunn and W. W. Daffin as subscribing witnesses.

"Item 1. I hereby *revoke item Four of my said last will and testament,* above referred to and *in lieu thereof* I hereby give, devise and bequeath to my daughter, *Lillian Lee Farrior,* who has been deserted by her husband and *any of my daughters who may be single at my death, the use and income from my property in equal shares, to the exclusion of those who shall marry. This right to the use and income from my property shall be enjoyed by them as long as they may live.*

"It is my will and desire *that none of my real* estate shall be sold, so *long as any of my daughters remain single or Lillian Lee Farrior remains a widow.*

"Given under my hand and seal this the 21 day of January, 1905."

The appellees filed their bill to have this will construed, and to determine the present status of the title to the lands which were owned by the said J. W. Armistead at the time of his death; claiming that a fee-simple title to the lands vested at testator's death, under the terms of said will, in the six daughters named, excepting only that the right of the said Lillie and May to share in the possession of said lands, or the use thereof, was deferred until the other daughters had *either married or died.* Complainants further contend that the title thus vested in said daughters being a fee-simple title, the restrictions against alienation of said lands incorporated in said will and the codicil thereto are unreasonable and void, being inconsistent with the enjoyment of the rights incident to a fee-simple estate. The further contention of complainants in said bill is that, if they are not seized of a fee-simple title in said lands, they are entitled during their lifetimes to such income as an estate of this size and character should be made to produce, and pray that said property be sold, and the proceeds of sale invested in other property, or in interest-bearing securities in such manner as to produce some income. Complainants further allege that said property cannot be equitably divided or partitioned without a sale thereof; they pray for sale among joint tenants.

■■ A careful consideration of this will and codicil is to be looked to for the disclocure of the testator's intent. And this prevails when ascertained within the rules. Ralls v. Johnson, 200 Ala. 178, 75 So. 926. If that intent cannot be ascertained, by reason of the existence of ambiguity within the rule (Wiley et al. v. Murphree, Ex'r, etc. [Ala. Sup.] 151 So. 869),[2] the court should endeavor

to put itself in the testator's place to a right understanding of his surroundings and circumstances, and, from such a position of advantage, read and expound the will in accord with the testator's true intention. Steele v. Crute et al., 208 Ala. 2, 93 So. 694; Myrick v. Williamson et al., 190 Ala. 485, 67 So. 273; Castleberry v. Stringer, 176 Ala. 250, 255, 57 So. 849; Fowkles et al. v. Clay et al., 205 Ala. 523, 88 So. 651; Achelis v. Musgrove et al., 212 Ala. 47, 101 So. 670; Rutland et al. v. Emanuel, 202 Ala. 269, 272, 80 So. 107; Schowalter et al. v. Schowalter, 221 Ala. 364, 128 So. 458; Id., 217 Ala. 418, 116 So. 116; Pearce v. Pearce et al., 199 Ala. 491, 497, 501, 74 So. 952. In Smith v. Bell, 6 Pet. 68, 75, 8 L. Ed. 322, 325, the general rules are thus stated by Mr. Chief Justice Marshall:

"The first and great rule in the exposition of wills, to which all other rules must bend, is, that the intention of the testator, expressed in his will, shall prevail, provided it be consistent with the rules of law. [Davie v. Stevens] 1 Doug. 322; [Perrin v. Blake] 1 W. Bl. 672. This principle is generally asserted in the construction of every testamentary disposition. It is emphatically the will of the person who makes it, and is defined to be 'the legal declaration of a man's intentions, which he wills to be performed after his death.' 2 Bl. Com. 499. These intentions are to be collected from his words, and ought to be carried into effect, if they be consistent with law.

"In the construction of ambiguous expressions, the situation of the parties may very properly be taken into view. The ties which connect the testator with his legatees, the affection subsisting between them, the motives which may reasonably be supposed to operate with him, and to influence him in the disposition of his property, are all entitled to consideration, in expounding doubtful words, and ascertaining the meaning in which the testator used them."

■ When the will and codicil are construed within the four corners thereof, no doubt can be entertained but that testator's intent was that his lands be not sold so long as one of his daughters remained single, and that this limitation or futurity is a material part and substance of and inheres in the gift; and this is stated in no uncertain terms or language that is carried through the whole of the two instruments. Bingham v. Sumner, 206 Ala. 266 and page 273, 89 So. 479, for many authorities; Crawford et al. v. Carlisle, 206 Ala. 379, 385, 89 So. 565; Henderson et al. v. Henderson et al., 210 Ala. 73, 97 So. 353. To illustrate: In the second paragraph of the will the testator specifically provides that his widow, *"in connection and together with any of my daughters who may be single,* shall remain on and occupy my homestead *so long as*

---

[2] Ante, p. 64.

she may live." In the third paragraph the bequest is to the daughters named, "except that Lillie and May *shall take no interest until the other daughters* [theretofore named in the same paragraph] *shall either marry or die."* In the fourth paragraph is the provision: *"That none of my real estate shall be sold so long as any of my daughters remain single,* and that *those who remain single shall have the use of and income from my property, so long as they may live to the exclusion of those who shall marry."* This fourth paragraph is substituted by the provisions in the codicil where testator recites the fact that Lillian Lee Farrior has been deserted by her husband, and he gives, devises, and bequeaths *to her, and to* "*any of my* daughters who may be single at my death, *the use and income from my property in equal shares, to the exclusion of those who shall marry."* And in the same paragraph (item 1 of the codicil) the testator adds: *"This right to the use and income from my property shall be enjoyed by them as long as they may live."* The testator then gives emphasis to what he had just provided by immediately adding: "It is my will and desire that *none of my real estate shall be sold, so long as any of my daughters remain single or Lillian Lee Farrior remains a widow."* It should be stated that "Lillie" named in the third paragraph of the will is the same person referred to in the codicil as "Lillian Lee Farrior," and in the bill as "Lillie Farrior Bailey," she having remarried after the probate of the will. (Italics supplied.)

Having thus provided by the codicil for Lillian Lee Farrior so long as she remained unmarried, and for the others or any of the named daughters "who may be single at my (his) death * * * to the exclusion of those who shall marry," the testator provided by the fifth paragraph that: *"Should any of the above named devisees die without issue then her share shall descend to the others herein named. But should any of them die leaving issue then her interest shall descend to her children."* (Italics supplied.)

It is thus clearly apparent that the sale of this property for any purpose and by any process of the interested parties would do violence to the several expressed provisions of Mr. Armistead's will, as we have indicated above.

■The postponement of the right of enjoyment of the use of the property as to Lillie and May explained why the fifth paragraph of the will was inserted and the office it served; thus appellees were not given a fee-simple title in undivided interests in that property, together with a life estate in the whole of it, but each took a base, qualified, or determinable fee which was subject to divestiture by death without lawful issue. Section 6921, Code; Montgomery et al. v. Wilson et al., 189 Ala. 209, 66 So. 503; 1 Thompson on Real Property, § 789, page 894;

Boshell v. Boshell, 218 Ala. 320, 322, 118 So. 553; Carter et al. v. Couch, 157 Ala. 470, 47 So. 1006, 20 L. R. A. (N. S.) 858; Hughuley et al. v. Burney et al., 211 Ala. 397, 100 So. 817; Edwards et ux. v. Bibb et al., 54 Ala. 475; Powell v. Pearson, 220 Ala. 247, 256, 125 So. 39; Pearce v. Pearce, 199 Ala. 491, 501, 74 So. 952; Fowlkes et al. v. Clay et al., 205 Ala. 523, 88 So. 651; Burleson v. Mays, 189 Ala. 107, 66 So. 36; Crawford et al. v. Carlisle, 206 Ala. 379, 389, 89 So. 565; Hibler et al. v. Oliver et al., 193 Ala. 369, 69 So. 477; Harrison v. Harrison, 213 Ala. 418, 105 So. 179; Smith et al. v. Smith, 157 Ala. 79, 47 So. 220, 25 L. R. A. (N. S.) 1045; Darrow v. City of Florence et al., 206 Ala. 675, 91 So. 606; Hinton v. Gilbert, 221 Ala. 309, 128 So. 604, 70 A. L. R. 1192; Abrahams v. Abrahams, 219 Ala. 533, 536, 122 So. 625; Spira v. Frenkel, 210 Ala. 27, 97 So. 104; Farr et al. v. Perkins et al., 173 Ala. 500, 507, 55 So. 923; Dickson et al. v. Dickson et al., 178 Ala. 117, 59 So. 58; 21 C. J. page 922, § 18; Davis v. Memphis & Charleston Railroad Co., 87 Ala. 633, 6 So. 140; Thorington v. Thorington, 111 Ala. 237, 20 So. 407, 36 L. R. A. 385; Braley v. Spragins et al., 221 Ala. 150, 128 So. 149; Horton v. Sledge, 29 Ala. 478; 24 Am. & Eng. Enc. of Law, pages 431, 432; 30 Am. & Eng. Enc. of Law, page 751; 2 Wash. on Real Property (5th Ed.) pages 590, 591. The creation of such base, qualified, or determinable fee by the testator is unequivocal and definitely declared, when the will and the codicil are considered as a whole. Section 6921, Code; Libby v. Winston et al., 207 Ala. 681, 93 So. 631; Thompson v. Leyden, 222 Ala. 81, 130 So. 780; Spira v. Frenkel, supra; McGlathery v. Meeks et al., 219 Ala. 89, 121 So. 67.

■ If anything further is necessary, it may be observed that the testator had the right to dispose of his estate with such limitations and restrictions as he saw fit to impose, if not repugnant to law. Section 6921, Code; Pearce v. Pearce, supra; Hill v. Jones, 65 Ala. 214. The distribution was postponed and sustained in Hughuley et al. v. Burney et al., 211 Ala. 397, 100 So. 817, and Abrahams v. Abrahams, supra; and a provision of reverter or survivorship was provided in Dickson et al. v. Dickson et al., supra; Spira v. Frenkel, 210 Ala. 27, 97 So. 104; and Powell v. Pearson, 220 Ala. 247, 125 So. 39.

■ It has been often stated that this court has no authority to make a will for a testatrix to meet the recent changed conditions of the income from the estate as it affects the elderly unmarried ladies filing the bill. Ashurst et al. v. Ashurst, 181 Ala. 401, 61 So. 942; Crawford et al. v. Carlisle, 206 Ala. 379, 390, 89 So. 565; McGlathery v. Meeks et al., supra.

■ The sale of the land was restricted, and the contingencies or events fixed within the law by testator had not taken place. And

it is not contended, nor can it be asserted with authority, that any provision of this will offends the rule against perpetuities. Section 6922, Code; Crawford et al. v. Carlisle, 206 Ala. 379, 89 So. 565; Henderson v. Henderson, supra; Pearce v. Pearce, supra; Montgomery et al. v. Wilson et al., supra; Mehaffey et al. v. Fies et al., 217 Ala. 127, 115 So. 104; Lyons v. Bradley et al., 168 Ala. 505, 53 So. 244; Ashurst et al. v. Ashurst, supra.

The decree of the circuit court in construction of the will is not in accord with the view we have indicated, and erred in ordering the property sold for division. The decree is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.